NIMMONS, Judge.
This is an appeal from a final judgment of dissolution of marriage. We affirm in part and reverse in part.
We find that the trial court erred in two respects. First, the court erred in awarding the wife exclusive use and possession of the marital home. As stated by the Florida Supreme Court in Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980):
The award of “exclusive possession” of property subject to disposition in a dissolution proceeding should either be directly connected to the obligation to pay support or be temporarily necessary to prevent reduction in the value of the subject *200 property. The critical question is whether the award is equitable and just given the nature of the case. A grant of exclusive possession of property to one of the parties in a final judgment must serve a special purpose.
In the present case, the record fails to demonstrate that the award of exclusive possession of the marital home served a special purpose or that such an award was either equitable or just.
The trial court also erred by requiring the husband- to make mortgage payments on the marital home without allowing him credit for such payments upon the eventual sale of the property. A party who is made responsible for mortgage payments must be allowed credit against the nonpaying party’s share of the proceeds from the sale of the marital home. Pastore v. Pastore, 480 So.2d 231 (Fla. 1st DCA 1985); Strollo v. Strollo, 365 So.2d 189 (Fla. 1st DCA 1978); and Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976).
We have examined the remaining points urged by appellant and find them to be without merit.
The final judgment is reversed insofar as the judgment: (1) awards the wife exclusive possession of the marital home; and (2) fails to provide the husband with credit for mortgage payments against the wife’s share of the proceeds from the sale of the home. In all other respects, the judgment is affirmed. This case is remanded with instructions to amend the final judgment in the above respects.
SHIVERS and THOMPSON, JJ., concur.