553 So.2d 230 (1989)
Carol Ann ERVIN, Appellant,
v.
Eddie L. ERVIN, Jr., Appellee.
No. 89-836.
District Court of Appeal of Florida, First District.
November 14, 1989.
Rehearing Denied January 4, 1990.
Gene T. Moss of Moss & Anderson, Jacksonville, for appellant.
Neil C. Taylor and Catherine R. Holcomb of Taylor, Moseley & Joyner, Jacksonville, for appellee.
JOANOS, Judge.
Carol Ann Ervin has appealed from a final judgment of dissolution of marriage, alleging that the trial court erred in its distribution of the marital assets. We reverse.
The parties herein entered into the second marriage for both in 1980. Both were salaried workers with minimal assets. In 1981, with the wife's consent, the husband quit his job and embarked on a restaurant venture. The wife continued working while the husband sought financial support *231 for the restaurant, which opened in 1982. The venture was very successful and, at the time of the dissolution action herein, the husband was president and chief executive officer of the controlling corporation with an annual salary upwards of $130,000.
The wife filed for dissolution in 1987, seeking equitable distribution of the marital assets, and alimony. Her financial affidavit reflected income of $358 per month, while husband's financial affidavit reflected monthly income of over $12,000, and net assets totalling approximately $8,000,000. The husband did not argue at trial that any of these assets were exempt from equitable distribution, nor did he claim or present any evidence of special equities therein. Further, he did not argue nor present any evidence that the continued success of the restaurant business depended on the restaurant stock, or any other of the parties' assets, remaining in his hands.
In the final judgment of dissolution, the trial court first noted that there was "no question" that the substantial assets involved were acquired during the marriage and arose from the business. While finding that the husband "had the original motivation and provided the impetus" and "worked long hours to set [the business] up," the court further held that the wife was "supportive and contributed both financially and emotionally to enable the business to be started." Going on to recognize the principle that marital property should be equitably divided between the parties, the court nevertheless found that "the special factor [herein] is that the husband must be in a position to continue his business while providing the wife her fair division of the properties acquired during the marriage" (emphasis supplied).
Evidently in consideration of this "special factor," the court proceeded to distribution of the parties' assets. To the wife was awarded the marital home and furnishings, half the value of certain municipal bonds, half of the parties' cash on hand, 30,000 shares of restaurant stock, certain parcels of the parties' real estate holdings and a lump sum cash award, for a total value of $1,120,000. The husband was awarded the remaining 1,800,000 shares of restaurant stock, the remainder of the parties' real estate holdings, the remaining municipal bonds, the value of various corporate ventures and other miscellaneous assets, for a total value of $6,500,000.
Assets are marital property if they were legally and beneficially acquired by both or either of the parties in the course of the marriage. Sanders v. Sanders, 547 So.2d 1014 (Fla. 1st DCA 1989). Here, the evidence shows, and indeed the trial court found, that the substantial assets involved herein were acquired during the marriage and arose from the restaurant business.
While a 50-50 split of marital assets is not required, it has been held a "good starting point" for equitable distribution. Moore v. Moore, 543 So.2d 252 (Fla. 5th DCA 1989). Inequitable distributions are permissible in the face of such factors as a compensating permanent periodic alimony award, the performance of "extraordinary services over and above the performance of normal marital duties," or a showing of special equities in the marital property. Moore. However, the latter factor was not plead in the instant case, nor was evidence adduced thereon; further, no permanent periodic alimony was awarded.
Rather, the husband claims that his intensive work with the restaurant business constituted "extraordinary services" justifying inequitable distribution. We disagree. Even if a spouse's contribution to the family finances is greater, and his business acumen is responsible for the accumulations of assets, the fact that earnings are not in parity does not mean that the higher wage earner has made an "extraordinary contribution" toward the purchase of property. Holbrook v. Holbrook, 383 So.2d 981, 982 (Fla. 4th DCA 1980) accord McKinlay v. McKinlay, 523 So.2d 182, 183 (Fla. 1st DCA 1988). Here, the record shows that the wife was employed full-time at the outset of the marriage and provided much, if not all, of the family's earned income during the restaurant's formative *232 period after the husband had quit his job. Further, she continued to work until October 1983, a year and a half after the first restaurant opened.
Even should there be some merit to the husband's "extraordinary contribution" theory, the trial court did not rely on that theory to justify the distribution herein. Rather, it found that such distribution was necessary to enable the husband to carry on the business. This circumstance was never plead by the husband, nor was there any evidence in the record that the business would fail or would be less profitable if the wife were awarded a larger share of the marital assets, particularly the restaurant stock and the real estate holdings. The virtual omission of these assets by the trial court resulted in an award to the wife which, while not small, amounted to only 15% of the total available assets.
Because there is no evidentiary support for the rationale stated by the trial court for this discrepancy, we find that the foregoing distribution of marital assets constituted an abuse of discretion. Accordingly, the final judgment herein is reversed, and the case remanded for an equitable distribution of the parties' marital assets.
ERVIN and BARFIELD, JJ., concur.