587 So.2d 642 (1991)
James L. BELL, Appellant,
v.
Katie L. BELL, Appellee.
No. 90-3439.
District Court of Appeal of Florida, First District.
October 16, 1991.
James A. Johnston, Pensacola, for appellant.
John L. Myrick, Pensacola, for appellee.
WENTWORTH, Senior Judge.
This is an appeal from a final judgment of dissolution in which the sole issue is whether the trial court abused its discretion in fashioning the equitable distribution award. We reverse and remand for lack of findings sufficient to determine compliance with standards for disparity in distribution.
The judgment entered in October 1990 states in material part:
1. The parties were married on December 14, 1946. There were seven (7) children born of this union.
2. The wife is currently 59 years of age and the husband is currently 66 years of age.
3. Through the efforts of both parties a sizeable estate was acquired during the marriage. The husband values the assets at approximately $2,250,000. The wife's estimate is $1,478,000.
4. During the marriage both parties experienced marital misconduct; however, the husband's conduct clearly evidenced special circumstances requiring a disproportionate distribution of the marital assets. The actions of the husband include:
(a) Molesting the parties' 5-year old grandchild. Mr. Bell is currently serving a life sentence with a mandatory minimum of 25 years. He was also sentenced to concurrent 4 1/2-year sentences based upon pleas. The life sentence is on appeal.[1]
(b) Testimony indicated that he also molested one of their daughters and a son.
(c) The husband burned one of the parties' properties (89 Leyte Drive) in order to collect the insurance. Mr. Bell is now being sued by the insurance company for a return of the monies paid on the fraudulent claim.
(d) Mr. Bell took approximately $26,000.00 of marital funds which cannot be accounted for.
(e) There are other incidents involving abuse, fraud and theft committed by Mr. Bell that may subject the wife to civil liability for his acts. (e.s.)
There is record support for the cited $26,000 diversion of marital funds, and for a further finding that the appellant "husband will receive $25,000 from an insurance policy he owns when one of his sons dies. The son has AIDS and is not expected to live *643 very long." But the lengthy order, listing numerous specific properties awarded to each party, does not resolve in any way the conflicting evidence as to certain property values, as to potential future civil liability of the wife for husband's fraud, theft, and abuse, or even as to the total aggregate amount of husband's depletions of marital funds and assets.
Appellee properly acknowledges the holding in the case of Eckroade v. Eckroade, 570 So.2d 1347 (Fla. 3d DCA 1990), that a party's conduct is not a valid reason to award a disproportionate amount of the martial assets to an innocent spouse unless infidelity depleted the martial assets. See also Huntley v. Huntley, 578 So.2d 890 (Fla. 1st DCA 1991). The question here appears to turn on whether the trial court below had sufficient evidence to show that the appellant's misconduct was sufficiently financially related to dissipation of marital assets or to civil liability of the wife, such that it was properly considered in and applied to the equitable distribution scheme. The standard of review in such cases is set forth in Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980) which states that the judge possesses broad discretionary authority to do equity between the parties and has available various remedies to effect such purpose, including alimony (not awarded in this case), as part of an overall interrelated scheme. The appellate court should review such schemes as a whole, and there is no abuse of discretion unless no reasonable person could take the view that the trial court took in fashioning the award. The first step here would be to determine a permissible percentage distribution of assets to each party under the trial court's factual findings in the order, where the former husband's share is diminished due to his misconduct.
Absent countervailing circumstances, the starting point in distribution is an approximately equal division of marital assets.[2]Massis v. Massis, 551 So.2d 587 (Fla. 1st DCA 1989). The record here indicates that the distribution effected by the judgment ranged somewhere between a 60/40 and a 75/25 weighted share in favor of the appellee wife, and that many of appellant's numerous acts of child molestation may not be financially related to any evidence of civil liability of the wife or to dissipation of marital assets, except perhaps as they relate to legal fees. As to acts of arson and fraud by the husband, he may receive a diminished share of the marital assets to the extent the court finds a specific measure of depletion or foreseeable liability of the wife for those actions, or for debts arising out of property transactions beyond the share properly attributable to her. As noted above, competent substantial evidence also supports a lesser share for seizure of $26,000 in cash which the court found he took.
The order on appeal reflects a disparate distribution which is not clearly tied to appellant's dissipation of assets or reasonably anticipated debts visited on the former wife. Even taking into account the former husband's more limited needs for income during his incarceration, and the trauma he has inflicted on his family through his intergenerational acts of sexual exploitation, the evidence does not support the apparent disparity here absent clarification by the court.
We therefore reverse and remand for reconsideration, either on the existing record or such further evidence as the court may find necessary.
SHIVERS and WOLF, JJ., concur.
NOTES
[1] The life sentence was reversed, based on evidentiary error, after entry of the judgment on appeal. Bell v. State, 569 So.2d 1323 (Fla. 1st DCA 1990).
[2] Section 61.075, Florida Statutes (1989) sets forth the relevant factors for the trial court to consider in equitable distribution.