603 So.2d 700 (1992)
Leonard J. SPILLERT, Appellant,
v.
Susan Carol SPILLERT, Appellee.
No. 91-3249.
District Court of Appeal of Florida, First District.
August 21, 1992.
Hal Castillo and John J. Rahaim, II, Jacksonville, for appellant.
Elliot Zisser, Jacksonville, for appellee.
PER CURIAM.
Reviewing the second amended final judgment entered upon remand from our decision on the first appeal of this case, Spillert v. Spillert, 564 So.2d 1146 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 291 (Fla. 1991), we again reverse the equitable distribution of assets and alimony awards and remand for reconsideration thereof in light of the following reasons.
The asset valuations in the first amended judgment appealed to this court were approved by us with the sole exception of the value of the professional medical practice, so those valuations were not free to be set aside and redetermined by the trial court upon remand, even though the court did so on the basis of facts and circumstances occurring after appeal. The direction in our first opinion, that the trial court was not precluded on remand "from adjusting the other awards, including the permanent periodic alimony award, in order to do equity between the parties," authorized the trial court to reallocate the award of property to effect a fair and equitable distribution thereof as well as redetermine the amount of alimony required to provide the support of the former wife in accordance with law. This direction did not authorize the trial court to reconsider the valuations of the properties found in the first amended judgment and left undisturbed on appeal.
When using the valuations in the first amended judgment, it is apparent that the trial court awarded approximately 62% of the marital assets to the former wife and 38% to the former husband. The appealed judgment does not, however, set forth any findings in justification of this unbalanced split of the marital assets. The principle of law to be followed in this district was succinctly stated in Prom v. Prom, 589 So.2d 1363, 1364 (Fla. 1st DCA 1991):
The legislature directs courts in dissolution proceedings to consider certain factors and "distribute between the parties marital assets and liabilities in such proportions as are equitable." § 61.075(1), Florida Statutes (1989). The starting point for equitable distribution is generally said to be an even split of the marital assets. Ervin v. Ervin, 553 So.2d 230 (Fla. 1st DCA 1989). However, equitable distribution need not be *701 an exact 50-50 split, since the court may award one spouse a disproportionate share of the assets under certain circumstances such as special equities in property, extraordinary contributions during the marriage, or to balance a permanent periodic alimony award. Ervin. If the trial court decides to make an unequal division, the court should make findings which support its conclusion. Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987).
Thus, on remand the trial court is required to make the required findings justifying any unbalanced distribution of the marital assets.
Since the equitable distribution of marital assets must be reversed and remanded for reconsideration, we do not now determine whether the awards of lump sum and permanent periodic alimony constitute an abuse of discretion, as argued by Appellant. The trial court will, of necessity, have to revisit the alimony awards in conjunction with its review and redetermination of the distribution of marital assets in accordance with the governing principles set down in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), and section 61.08, Florida Statutes.
The appealed judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
WOLF and KAHN, JJ., concur. ZEHMER, J., concurs with written opinion.
ZEHMER, Judge (concurring).
I concur in the majority decision. This is the second appearance of this case before this court, and we would hate to see a third appeal become necessary. To avoid this possibility, the trial court on remand should bear in mind, as discussed in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), that lump sum alimony is not limited
to instances of support or vested property interests. A judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status. Brown v. Brown [300 So.2d 719 (Fla. 1st DCA 1974)]. In our opinion, the award of the marital home as lump sum alimony may be coupled with other lump sum alimony or permanent periodic alimony awards if justified by the evidence.
Id. at 1201. Furthermore,
Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. The criteria to be used in establishing this need include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates.
* * * * * *
While permanent periodic alimony is most commonly used to provide support, in limited circumstances its use may be appropriate to balance such inequities as might result from the allocation of income-generating properties acquired during the marriage.
Id. at 1201-02.
The judgment entered on remand should contain specific findings in support of the trial court's award of alimony, whatever form or classification it may be, with a clear identification of the nature of the award. Such detail is necessary, not only to enable the appellate court to afford effective review, Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1991), but also to provide the essential information the trial court must have when the parties return before it seeking modification based on substantial change in circumstances.