PER CURIAM.
Appellant, the former wife, seeks reversal of an amended order modifying the primary residential child custody arrangement as provided by the judgment of disso *421 lution. The former wife also challenges an order dismissing a petition for modification, which she filed shortly after entry of the amended modification order.[1] For the reasons more fully explained below, we reverse the amended order of modification hut affirm the order of dismissal.
The former wife sought modification of the custody arrangement regarding the only child born to the parties’ marriage, presently, a thirteen year old boy. Under the original custody arrangement, which was established by a dissolution judgment adopting the parties’ stipulated agreement, the child resided with his mother during the school year and spent vacation time with the former husband, the appellee. The former husband counter-petitioned for modification. It appears from the allegations of both parties that the stipulated arrangement had proven to be a hardship for all, and both alleged that their son desired modification.
After hearing extensive testimony, including in camera discussions with the child in which he expressed his desire to reside with his father during the school year, the lower court entered an order which deferred final ruling on the matters raised in the respective petitions, but which temporarily altered the original custody arrangement so that the child would spend the 1992-93 school year with his father. Thereafter, the lower court entered an amended order which again called for the child to reside with his father during the school year. The amended order contained more detailed findings of fact and reasons for the court’s decision than did the first order, but as in the first order, jurisdiction was reserved for a final ruling on all matters raised in the parties’ respective petitions. The trial court stated further that should the child express a desire to return to the prior custody arrangement, such a change could be considered during the Christmas break or at the end of the 1993 school year, upon proper motion.
Shortly after entry of the amended order, the former wife filed another petition for modification alleging, among other things, that the child no longer wished to reside with his father during the school year. Upon motion by the former husband, the second petition was dismissed as frivolous. While the former wife seeks reversal of this dismissal, we find such an appeal to be moot given our decision to reverse the amended order.
Preliminarily, we note the absence of a specific finding by the trial judge that a change in conditions sufficient to justify a modification of custody had been established. This should be corrected on remand. We further note, however, in this regard, that both parties alleged a change in conditions, and that there was evidence from which the trial court could have determined that a change in conditions had occurred. The child, now at or approaching adolescence, was only eighteen months old when the original custody agreement was made. In the meantime, there have been several changes in the living arrangements of the parties, and in the interests and activities of the child. In addition, as found by the trial court, the child had himself begun to express a desire for a change. Because we find other reasons for reversal, we see no need to dwell on this issue, and we leave the final determination of this issue to the trial judge in the exercise of his sound discretion.
We are compelled to reverse the amended order because of a fundamental error. As was the case in Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990), the amended order in the instant case is not an order of finality. ■ As already noted, there was extensive evidence presented to the trial court by both parties, so that a final determination could have been made. As we noted in Martinez, there is no statutory or case authority establishing the power of a trial court to defer a final custody decision for an extended period when a case is otherwise ripe for final determination. 573 So.2d at 40. Accordingly, the amended or *422 der is reversed and the cause is remanded to the trial court for the purpose of conducting an immediate final hearing on the question of primary residential custody and other pending matters and for entry of a final order. Each party shall be entitled to present such additional evidence as may be pertinent to the determination of the best interests of the child. Given this disposition, it is unnecessary to discuss other matters raised by the parties.
REVERSED and REMANDED.
SMITH, ZEHMER and ALLEN, JJ., concur.

. On our own motion, we have consolidated the appeal of the modification order (92-2566) and the appeal of the order of dismissal (92-3418). Appellee’s pending motion to strike portions of appellant’s brief is denied. Further, the cross-appeal is dismissed as untimely.