624 So.2d 287 (1993)
Joseph Eugene COLLINSWORTH, Appellant,
v.
Martha Foye COLLINSWORTH, Appellee.
No. 92-1458.
District Court of Appeal of Florida, First District.
August 12, 1993.
Rehearing Denied September 23, 1993.
*288 Anthony L. Bajoczky and Patricia B. Fournier of Bajoczky & Fournier, Tallahassee, for appellant.
Clayton J.M. Adkinson, DeFuniak Springs, for appellee.
ZEHMER, Chief Judge.
Joseph Eugene Collinsworth (the husband or Appellant) appeals a final judgment of dissolution of marriage. In addition to dissolving his marriage to Martha Foye Collinsworth (the wife or Appellee), the final judgment distributes the parties' marital assets and liabilities, awards the wife rehabilitative and permanent periodic alimony, and awards her exclusive use and possession of the marital home. It also reserves jurisdiction to consider her prayer for partition of the marital home and to set a reasonable amount for her attorney's fees. Finding some merit in each of Appellant's four points, we reverse and remand for further proceedings.
The husband's first point contends that the circuit court abused its discretion by ordering an inequitable distribution of the marital assets and liabilities. He argues that the circuit court improperly awarded the wife 64% of the marital assets and none of the liabilities incurred to obtain those assets, resulting in a distribution to the wife of 90% of the net value of marital assets less liabilities, and did so without providing written findings of fact as to any special factor that would justify deviation from an equal division. He further challenges the fairness of the circuit court's equally dividing and distributing, as a marital asset, the enhanced value of the marital home that was built on his nonmarital real estate, while failing to equally divide and distribute 40 acres of timberland titled jointly in the names of the husband and the wife, and purchased during the marriage with money each party brought into the marriage. Appellant also argues that the circuit court erred in awarding the wife a special equity of $28,000 in the jointly-held 40 acres based on her contribution of $28,000 in premarital funds to the purchase price because the evidence was insufficient to show, and the court made no explicit findings thereon, that the wife had carried her burden of proving beyond a reasonable doubt that a gift was not intended when she joined in placing the property in their joint names on the deed to the property.
The equitable distribution of marital assets and liabilities is governed by section 61.075, Florida Statutes (1991). In Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1991), we stated:
The legislature directs courts in dissolution proceedings to consider certain factors and "distribute between the parties marital assets and liabilities in such proportions as are equitable." § 61.075(1), Florida Statutes *289 (1989). The starting point for equitable distribution is generally said to be an even split of the marital assets. Ervin v. Ervin, 553 So.2d 230 (Fla. 1st DCA 1989). However, equitable distribution need not be an exact 50-50 split, since the court may award one spouse a disproportionate share of the assets under certain circumstances such as special equities in property, extraordinary contributions during the marriage, or to balance a permanent periodic alimony award. Ervin. If the trial court decides to make an unequal division, the court should make findings which support its conclusion. Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987).
589 So.2d at 1364. Subsection 61.075(3) specifically requires that, in a contested dissolution action in which no stipulation or agreement has been entered and filed, "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1)." "Because equitable distribution is premised on the theory of an equal partnership in marriage, the court should begin this task on the premise that each spouse is entitled to receive an equal division." Robertson v. Robertson, 593 So.2d 491, 493 (Fla. 1991).
We agree with Appellant that the distribution of marital assets and liabilities in the judgment under review is inequitable and substantially departs from the 50/50 starting point. The wife was awarded more than 60% of the marital assets while being held liable for none of the marital liabilities, which included marital debts incurred to acquire some of the marital assets distributed to the wife, such as, for example, the enhanced value of marital home and lot 16. The final judgment contains no written findings to justify and support this unequal distribution of the marital assets and liabilities. Thus, the entire distribution of marital assets must be reversed and this cause remanded with directions to reconsider the equitable distribution scheme in light of the factors set forth in section 61.075, and to make the written findings required by subsection 61.075(3) that justify any unequal distribution of marital assets.
We also reverse the award of a special equity in the amount of $28,000 to the wife in the 40 acres of timberland purchased during the marriage and jointly owned by the parties. It is not disputed that $28,000 of the purchase price of that property came from the proceeds of the wife's sale of property she had received in a divorce settlement with her former husband, and that the remaining $2,000 of the purchase price was contributed by the husband from marital funds. However, the husband testified that when the wife placed his name on the deed to this farm property she intended to make a gift to him. On the other hand, the wife denied that a gift was intended and testified that she placed his name on the property because he told her to do so, as he was planning to also place money into the farm to contribute to their plan to go into ranching. This explanation suggests that the property was acquired to be used in a joint endeavor, not that no gift of a joint interest was intended. In any event, the final judgment notes only that the parties presented conflicting testimony on this special equity issue and most other issues at the hearing, and that the wife's testimony was more credible than the husband's testimony. The judgment is silent as to whether, in awarding this special equity, the circuit court required the wife to prove the special equity "to the exclusion of a reasonable doubt," and there are no specific findings of fact based on the evidence presented showing what facts the court considered were sufficient to carry this extraordinarily heavy burden of proof, nor can we determine whether the court applied that legal standard. Accordingly, we reverse the special equity award and remand for further consideration and findings by the trial court on this issue. Section 61.075(5)(a)5, Fla. Stat. (1991); Robertson v. Robertson, 593 So.2d 491 (Fla. 1991); Lindley v. Lindley, 84 So.2d 17 (Fla. 1955); Antonini v. Antonini, 473 So.2d 739 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 7 (Fla. 1986); Smith v. Smith, 597 So.2d 370 (Fla. 3d DCA 1992).
Additionally, we note from the record that the husband had purchased a truck during the marriage and apparently had or has *290 $7,500 in cash in his possession which he obtained through the purchase and sale of automobiles during the marriage. The final judgment contains no reference to these items. If those items or the husband's disposition of them influenced or will have any influence on the division of the marital assets and liabilities on remand, the court must make written findings of fact to that effect.
Appellant's second point contends that the circuit court erred in reserving jurisdiction to consider Appellee's prayer for partition of the marital home that was built on his separately owned lot, and in awarding her exclusive use and possession of the marital home pending partition. The husband argues that the wife is not an interested party entitled to partition under section 64.031, Florida Statutes, because she failed to establish an ownership interest in the marital home sufficient to invoke the court's jurisdiction for partition. Also, he contends, the award of exclusive use and possession of the marital home was erroneous because it serves no special purpose, and the final judgment fails to specify the period of the wife's right to exclusive occupancy of the house and any specific condition that will terminate her right to such occupancy.
We find it necessary to reverse the provisions of the final judgment concerning the marital home for two reasons. First, in respect to the court's reservation of jurisdiction to consider the request for partition at some future date, neither the record nor the final judgment contains any indication that the partition issue was not ripe for determination at the time of the final hearing. If the issue was ripe, the circuit court was required to rule thereon without reserving jurisdiction and deferring decision on that issue at a future date. In Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1309 (Fla. 1991), we observed:
As a general rule, when a cause is submitted to a court for determination and the court renders its judgment, "there should always be as much finality as possible ..., not only for the benefit of the parties and the court, but also for the public and any third persons who may look at the records for guidance in dealing with the litigants." This degree of finality is necessary because "[a] litigant is entitled to know that a judgment determining his rights is final and will not be disturbed, except on appeal, or under the conditions prescribed by a rule."
573 So.2d at 40 (Citations omitted.) See also Gruner v. Westmark, 617 So.2d 420 (Fla. 1st DCA 1993). For this reason alone, we reverse the reservation of jurisdiction on the partition issue and remand for its prompt determination. We do not reach any issue concerning the wife's legal right to partition of this property under the statute, as that matter must first be ruled on by the court below.
Second, we also find it necessary to reverse the provision awarding the wife exclusive use and possession of the marital home pending partition. The judgment contains no written findings as to any facts or special purpose that justifies the circuit court's decision on this issue. Even if the court could have found, as Appellee argues, that the award is justified because of her financial condition and the likelihood that she may not successfully enter the job market in light of her background and experience, the final judgment merely states that the wife may continue to have exclusive use and possession of the home "[p]ending partition." Because the judgment sets no time limit for effecting partition, the final judgment is too indefinite in respect to the termination of the wife's exclusive possession and thus is legally deficient. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Miller v. Miller, 513 So.2d 199 (Fla. 1st DCA 1987).
Appellant next contends that the circuit court erred in awarding rehabilitative and permanent periodic alimony to the wife. He argues that the record does not contain competent, substantial evidence to support any findings, even if findings had been made, to justify the rehabilitative alimony award. The wife, he argues, failed to present any evidence that her earning capacity has been diminished as a result of the marriage, that she has a plan for vocational redevelopment, or that showed the costs or potential monetary benefits of such job training. He also argues that the award of permanent periodic *291 alimony is erroneous because the marriage was of a relatively short duration, i.e., ten years, there were no children born of the marriage, and the wife received the "lion's share" of the parties' marital assets from the "equitable" distribution and none of the marital debt. Also, he argues, she made no extraordinary contributions to the marriage and refuses to work even though she has demonstrated an ability on vocational evaluation to work eight hours per day at light work.
With respect to the award of rehabilitative alimony for a period of four years, it seems apparent that the circuit court wanted to make some provision to facilitate the wife's entry into the work force, as the vocational evaluation indicates she is capable of doing so. However, the final judgment contains no explicit findings as to any rehabilitative plan for the wife; it does not specify an objective of the rehabilitation, or the costs of the plan, or any other basis for the projected period of time necessary for the wife to successfully achieve the contemplated rehabilitation. Hence, the award of rehabilitative alimony is legally deficient and must be reversed. Clance v. Clance, 576 So.2d 746 (Fla. 1st DCA 1991). On remand, the court should fashion a rehabilitative plan for the wife, if one can be justified by the evidence, and make specific findings in that regard, or deny all rehabilitative alimony.
The permanent periodic alimony award must also be reversed since we have, by this decision, effectively vacated the entire plan of equitable distribution and alimony support fashioned by the circuit court. We do not hold that permanent alimony is unjustified under the circumstances of the case, but merely remand that issue along with the other issues for reconsideration and determination in light of the final plan for equitable distribution and support to be fashioned by the trial court. Hanrahan v. Hanrahan, 618 So.2d 779 (Fla. 1st DCA 1993); Spillert v. Spillert, 603 So.2d 700 (Fla. 1st DCA 1992).
Finally, Appellant contends that, given the inequitable distribution of the marital assets and liabilities, the circuit court erred in holding that the wife is entitled to an award of attorney's fees. In light of our reversal of the entire equitable distribution scheme and alimony support provisions, we remand for reconsideration of this issue in light of the court's ultimate decision on the other issues. Wendroff v. Wendroff, 614 So.2d 590 (Fla. 1st DCA 1993).
The rulings in the final judgment, with the exception of the provision dissolving the marriage, are reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BARFIELD and MICKLE, JJ., concur.