642 So.2d 1173 (1994)
James L. BELL, Appellant,
v.
Katie L. BELL, Appellee.
No. 93-1291.
District Court of Appeal of Florida, First District.
September 29, 1994.
*1174 Michael G. Allen, Eddins, Allen, Owens & Barnes, Pensacola, for appellant.
E. Jane Brehany, Myrick, Silber & Davis, P.A., Pensacola, for appellee.
ALLEN, Judge.
In this appeal from a final judgment of dissolution of marriage, the appellant asserts (1) the trial court abused its discretion in awarding a disproportionately greater share of marital assets to the appellee, and (2) the trial court erred in finding personal property received by the appellant to be worth $25,000. We affirm in part, reverse in part and remand for further proceedings.
The parties were married for over forty-two years and had seven children, all of whom were adults when the appellee petitioned for dissolution. During their marriage, the parties owned and operated a real estate business and accumulated numerous parcels of property, most of it rental. At the time of the final hearing, the appellant was serving a life sentence for the sexual battery of his grandchildren and another child.[1] For that and other instances of misconduct, the trial court awarded the appellee a disproportionately greater share of the marital assets. On appeal, we reversed because the disparate distribution was "not clearly tied to appellant's dissipation of assets or reasonably anticipated debts visited on the former wife." Bell v. Bell, 587 So.2d 642, 643 (Fla. 1st DCA 1991) (hereinafter Bell I).
On remand, the trial court held another hearing and again awarded the appellee a disproportionately greater share of the assets. The court justified the award based on the following reasons: (1) the appellant was convicted of child molestation and is serving a fifty year sentence with a twenty year minimum mandatory; (2) the appellant recently received $25,000 from a life insurance policy following the death of his son; (3) the appellant burned one of the parties' properties and attempted to collect insurance on it, resulting in a civil judgment against him in the amount of $100,260.54 for filing a fraudulent insurance claim; (4) as a result of the appellant's fraudulent property transfer to a third-party, the appellee was forced to satisfy a $42,371.56 judgment for damages; (5) the appellant took approximately $26,000 in cash from marital funds; (6) the appellant removed personal property worth $15,000 from the parties' storage facility; (7) an even division of the marital assets would not be adequate for the appellee to provide for herself, especially taking into consideration the property upkeep and labor, property taxes, fire *1175 taxes, utilities and insurance expenses; (8) although the appellant professed an ability to manage the properties awarded to him on an absentee basis, he has lost through foreclosure three properties originally awarded to him and will likely lose others.
The equity in the property awarded to the parties was approximately $446,758 to the appellant and $725,700 to the appellee. In addition, the appellee was awarded a $55,000 mortgage, bringing her total to $780,700. This division constitutes an award of approximately 64% to the appellee and 36% to the appellant. Although the starting point in distribution is an approximately equal division of marital assets, under certain circumstances an unequal division of assets may be warranted. Section 61.075, Florida Statutes (1989), specifies the factors a court may consider in making such an unequal distribution of assets. The appellant concedes that the following adjustments were properly made against him in the division: (1) $23,000 resulting from the diminution in value following the appellant's arson of property at 89 Leyte Drive; (2) $26,000 the appellant took from marital funds; (3) $15,000 for personal property the appellant removed from a storage facility; and (4) $25,000 in life insurance proceeds that the appellant received upon the death of his son where the policy was obtained with marital funds.
Other adjustments are disputed. One such dispute centers around a $42,371 civil judgment entered against the parties jointly arising out of a property transfer to a third party. Because this judgment was paid solely by the appellee, however, she is properly entitled to an adjustment equal to the appellant's half of that debt, $21,185.
The appellee also claims adjustments are proper for a $100,260.54 civil judgment entered against the appellant in connection with the arson of the Leyte Drive property, as well as for $51,000 in attorney's fees owed by the appellant. However, the court made no finding, and the record does not indicate, that the appellee will in any way be responsible for paying those debts. Thus, those sums are not tied to the depletion of marital assets or visitation of liability upon the appellee and cannot be used to justify a disproportionate division of the parties' assets. Bell I, 587 So.2d at 643.
Similarly, the appellant's conviction and sentence do not support an unequal distribution as the trial court did not tie his conviction and sentence to any depletion of marital assets or visitation of liability upon the appellee. Although the appellee urges us to consider this circumstance a factor "necessary to do equity and justice between the parties," section 61.075(1)(j), such an interpretation and application of the statute would be directly contrary to the rule prohibiting unequal distribution of marital assets, or an award or increase in alimony, based upon misconduct, except to the extent that the misconduct results in the dissipation of marital assets. See Bell I; Eckroade v. Eckroade, 570 So.2d 1347 (Fla. 3d DCA 1990); McKinlay v. McKinlay, 523 So.2d 182 (Fla. 1st DCA 1988); cf. Noah v. Noah, 491 So.2d 1124 (Fla. 1986).[2]
Regarding the appellee's inability to provide for herself if the assets are distributed equally, the record does not establish that the appellee's income will be fixed by what she receives in the distribution because the appellee holds a broker's license and she was awarded the real estate business. And while the trial court cited the appellee's need to pay for property upkeep and labor, property taxes, fire taxes, utilities and insurance expenses on the property awarded to her, the appellant will also have these same expenses on the property awarded to him. Thus, these reasons do not support an unequal distribution.
Finally, the trial court appeared to support the unequal distribution based on the assumption that the appellant could not manage *1176 the properties from prison and would ultimately lose them in foreclosure. What ultimately happens to the properties awarded to the appellant, however, has no bearing on the appellant's initial entitlement to a fair distribution of the marital assets.
Taking into consideration the amounts properly charged to the appellant, the appellant's award totals $556,943 as compared to the appellee's award of $780,700, rendering the division 58.4% to the appellee and 41.6% to the appellant. Because this unequal distribution is not supported by the record, we reverse and remand for an equal division of property after making the adjustments approved above.
We address only briefly the appellant's second issue wherein he asserts there is no record support for the trial court's finding that personal property he received was worth $25,000. From a review of the final judgment, it is evident that the $25,000 figure recited on page 6 was a typographical error, and that it actually refers back to the $15,000 figure on page three. We direct the trial court to correct this error on remand. Furthermore, contrary to the appellant's argument, we conclude that the appellant's own testimony supports the $15,000 figure as he specifically testified that the value of the contents he removed from the storage facility at the real estate office were worth "ten or fifteen thousand dollars."
We accordingly reverse that part of the final judgment awarding the appellee a disproportionately greater share of the marital property and remand for distribution in accordance with this opinion. The typographical error on page 6 of the final judgment should be corrected upon remand. The final judgment is otherwise affirmed.
BARFIELD, J., concurs.
WOLF, J., dissents with written opinion.
WOLF, Judge, dissenting.
The scheme of distribution of assets in the instant case is fair and equitable under the circumstances. Extraordinary factors exist which would allow the trial court to grant a disparate percentage of the marital assets to the wife "in order to do equity and justice between the parties." See § 61.075(1)(j), Fla. Stat. (1993).
This case was previously before this court on the husband's challenge to an earlier equitable distribution scheme. Bell v. Bell, 587 So.2d 642 (Fla. 1st DCA 1991) (Bell I).
In Bell I, we found that
the scheme of distribution affected by the judgment ranged somewhere between a 60/40 and 75/25 weighted share in favor of appellee
and we concluded that
[t]he order on appeal reflects a disparate distribution which is not clearly tied to appellant's dissipation of assets or reasonably anticipated debits visited on the former wife.
We further concluded that appellant's numerous acts of child molestation, arson and fraud did not justify the disparate distribution,
[e]ven taking into account the former husband's more limited needs for income during his incarceration and the trauma he has inflicted on his family through his intergenerational acts of sexual exploitation
Bell I, supra at 643.
As the majority notes in the present appeal, we are able to determine from the record that taking into consideration the amounts properly credited against appellant as a result of his direct dissipation of assets by the appellant, resulted in an award of $556,943 to appellant as compared to appellee's award of $780,700. This constitutes a division of assets in favor of the appellee of 58.4 percent to 41.6 percent.
The trial court justified the unequal distribution in part as follows:
the appellant was convicted of child molestation and is serving a 50-year sentence with a 20-year mandatory minimum (the husband is presently 68 years old).
... .
an even division of marital assets would not be adequate for the appellee to provide for herself, especially taking into consideration the property upkeep and labor, property *1177 taxes, utilities, insurance, and expenses.
These specific findings were not made in Bell I. I believe that the present appeal may be distinguished from Bell I in two important respects. In Bell I, there were insufficient factual findings to ascertain the actual percentage of assets which would properly be credited to either party, and the trial court did not directly rely on the economic status of the parties to justify the unequal distribution.
I believe any disparity is justified based on appellant's present status (age and length of incarceration that he is facing), factors justifying an unequal distribution must be specifically related to an exact amount of dissipation of assets, or that the factors utilized by the trial court to justify the unequal distribution could not properly be considered.[1]
The starting point for equitable distribution is generally an even split of marital assets. Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1992); Spillert v. Spillert, 603 So.2d 700 (1992). A trial judge may, however, make an unequal division if the court makes findings of facts which support its conclusions. Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987).
The factors which may justify an unequal distribution are enumerated in section 61.075(1)(a)-(j), Florida Statutes (1993). In pertinent part, the factors which may be considered are the following:
(b) the economic circumstances of the parties.
... .
(g) the contribution of each spouse ... to the incurring of liabilities ...
... .
(j) any other factors necessary to do equity and justice between the parties.
§ 61.075, Fla. Stat.
Generally, misconduct of a party (including criminal misconduct) will not support an unequal distribution of assets absent evidence demonstrating a sufficient relationship between the misconduct and dissipation of marital assets. Murray v. Murray, 636 So.2d 536 (Fla. 1st DCA 1994). The major reason for the unequal distribution of assets in the instant case, however, was not to penalize appellant for misconduct or dissipation of assets, but was because the judge realistically reviewed the economic status of the parties. Mr. Bell is in prison and is not eligible for parole until age 88. If he lives until the completion of his sentence, he would be 118 years old at that time. Ms. Bell is 62 years old at the present time and must support herself without any assistance from her former husband. Her only means of support is rental income from the property acquired during the marriage.
Consideration of these factors is nothing more than recognition of the economic circumstances of the parties, a factor which the Legislature said must be considered by the trial judge. § 61.075(1)(b), Fla. Stat. (1993). In addition, history of criminal acts against both family members and family property throughout the entire marriage also constitutes an extraordinary circumstance. Mr. Bell molested two of his children and a grandchild. He intentionally burned family property. The circumstances are unusual in the length of the misbehavior, the intergenerational nature of the misconduct, and the number of acts of misconduct which occurred. I believe the trial judge was justified in distributing the assets as he did in order to do equity and justice between the parties.
NOTES
[1] The appellant's sexual battery conviction was reversed by this court. Bell v. State, 569 So.2d 1322 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1310 (Fla. 1991). Shortly after he was released, however, the appellant was arrested for molesting a thirteen year old child. He was convicted and sentenced to fifty years as a habitual violent felony offender.
[2] In Noah, the supreme court held that in determining whether to require a spouse to pay alimony a trial court may not consider the spouse's adultery unless the adultery has caused the other spouse to have greater financial need or has depleted family resources. The court so held despite the fact that section 61.08(2), Florida Statutes (1975), authorized a trial court determining a proper award of alimony to "consider any ... factor necessary to do equity and justice between the parties."
[1] In this type of situation, it is appropriate for the court to reconsider a prior opinion. See Strazzulla v. Hendrick, 177 So.2d 1, 4 (Fla. 1965) (court has power to reconsider and correct erroneous ruling that has become law of the case if failure to do so will result in manifest injustice); White Sands Inc. v. Sea Club V. Condominium Ass'n, 591 So.2d 286 (Fla. 2d DCA 1991). See also Preston v. State, 444 So.2d 939 (Fla. 1984). Requiring the appellee to endure a third proceeding as to the distribution of property based upon an overly broad statement within the prior opinion of this court would result in a manifest injustice, especially in light of the marital history in this case.