GOSHORN, Judge.
Diane Thomas (“the former wife”) appeals the final judgment of dissolution which ended her marriage to Dennis Thomas (“the former husband”). We agree with the former wife that the trial court erred in failing to place a value on a parcel the parties owned on Blackwelder Road in DeLeon Springs (“Blackwelder”). Further, we find that it was inherently unfair for the trial court to grant the former husband the right to buy the former wife’s one half interest in Blackwelder without providing the same right to her. The lack of a time frame in which the former husband must exercise the option exacerbates the unfairness of this provision. Cf. Collinsworth v. Collinsworth, 624 So.2d 287 (Fla. 1st DCA 1993) (stating that where judgment set no time limit for effecting partition, it was too indefinite, and thus legally insufficient) (citing Duncan v. Duncan, 379 So.2d 949 (Fla.1980); Miller v. Miller, 513 So.2d 199 (Fla. 1st DCA 1987)). Therefore, we strike that portion of the final judgment. Pursuant to the remaining provisions, “the 1611 Blackwelder property shall be partitioned by a special master to make a sale of the property and the proceeds shall be distributed by a special master amongst the parties after payment of costs, attorney’s fees, expenses and taxes.”
AFFIRMED as MODIFIED.
HARRIS and GRIFFIN, JJ., concur.