711 So.2d 1310 (1998)
Stephen C. HORNE, Appellant,
v.
Janet L. HORNE, Appellee.
No. 96-5014.
District Court of Appeal of Florida, First District.
June 3, 1998.
*1311 Alan C. Jensen of Jensen & Hould, Jacksonville Beach, for Appellant.
Raymond E. Makowski, Jacksonville Beach, for Appellee.
PER CURIAM.
Stephen C. Horne (the former husband) appeals a final judgment of dissolution arguing that the trial court erred in its distribution of the 401(k) plan of appellee, Janet L. Horne (the former wife). Because we find no competent, substantial evidence in the record on which to base an unequal distribution of marital assets, we reverse.
After approximately twenty years of marriage, the former husband petitioned for dissolution, seeking an equitable distribution of marital assets. Following mediation, the lower court was asked to determine the proper distribution of the former wife's 401(k) plan and the issue of alimony. While both parties contributed to separate 401(k) plans, the former wife had contributed a greater percentage of her income to her plan than the former husband had contributed to his plan. At the time of dissolution, the former wife's 401(k) plan was valued at approximately $250,000, which was considerably more than the value of the former husband's plan.
All of the other marital assets and debts were distributed as the parties had agreed. By the final judgment, the former husband was awarded 25% of the wife's 401(k) plan. The trial court explained its reasons for its distribution of this marital asset, as follows:
On the issue of equitable distribution of the Wife's 401(k) plan with her employer that she has contributed as much as she could afford to over the years while personally depriving herself by being frugal and thrifty. On the other hand, the Husband engaged himself in his personal hobbies of fishing and racquetball. While the Husband's 401(k) plan is slightly over $10,000, the Wife's has grown impressively to over $200,000. The Husband contends that he is entitled to over 40% of the Wife's 401(k) plan as his equitable distribution while the Wife contends that he should not get more than 25% of her plan. The Wife also contends that it is manifestly unjust for the Husband to leave the marriage, file for divorce, and then § 61.075, Florida Statutes, to obtain 50% of her 401(k) plan. The parties offered conflicting testimony regarding the fair market and replacement values of all other assets divided between them.... [The wife's plan] grew as a result of the Wife's contribution to it, her employer's matching contribution, and the growth from investments. Considering the criteria of § 61.075, including the Wife's contribution to the acquisition of the 401(k) plan and subsection "(j) any other factors necessary to do justice and equity between the parties" such as the Husband precipitously leaving the Wife and children without any attempt at marriage counseling, the Husband is awarded 25% of the 401(k) plan of the Wife and he shall bear the costs of any tax consequences or penalties for such a distribution, if any.
*1312 On appeal, the former husband argues that the reasons given for the unequal distribution are legally insufficient. The former husband notes that the former wife's frugality and thriftiness or the former's husband seeking divorce without attempting marriage counseling are not circumstances sufficient to warrant an unequal distribution of marital assets. Under Florida's equitable distribution scheme, we are compelled to agree.
Our supreme court has observed:
Because equitable distribution is premised on the theory of an equal partnership in marriage, the court should begin this task on the premise that each spouse is entitled to receive an equal division. However, the court is directed to distribute the marital assets and liabilities "in such proportions as are equitable" after considering various enumerated factors as well as any other factors "necessary to do equity and justice between the parties." § 61.075(1).
Robertson v. Robertson, 593 So.2d 491, 493 (Fla.1991).
While Florida's dissolution laws are generally said to be "no-fault," see NOTE, The Counter RevolutionA Critique of Recent Proposals to Reform No-Fault Divorce Laws, 49 Stan. L.Rev. 607 (1997), Chapter 61 does contain provisions which under certain circumstances allow a trial court to take into consideration a party's conduct. For example, section 61.08(1), Florida Statutes (1995), provides that the lower court "may consider the adultery of either spouse and the circumstances thereof in determining the amount of alimony, if any, to be awarded."[1] In addition, section 61.13(3) provides that "[f]or the purpose of shared parental responsibility and primary residence, the best interest of the child shall include an evaluation of all factors affecting the welfare and interests of the child." (Emphasis added).
Further, unequal distribution of marital assets or debts has been allowed when one party's conduct has caused the dissipation of assets or has otherwise adversely affected the financial status of the other party. See Murray v. Murray, 636 So.2d 536 (Fla. 1st DCA 1994); Bell v. Bell, 587 So.2d 642 (Fla. 1st DCA 1991); McKinlay v. McKinlay, 523 So.2d 182 (Fla. 1st DCA 1988); Eckroade v. Eckroade, 570 So.2d 1347 (Fla. 3d DCA 1990). But, as observed in Williams v. Williams, 686 So.2d 805, 809 (Fla. 4th DCA 1997), the fact that one spouse may have been the primary wage earner and may have made a significant contribution to the marital assets does not justify disparate treatment. Thus, one party's misconduct without an adverse affect on the other party's financial circumstances is not generally an adequate basis for unequal distribution of marital assets and debts. Bell v. Bell, 642 So.2d 1173, 1175 (Fla. 1st DCA 1994), rev. denied, 651 So.2d 1192 (Fla.1995). In Bell, this court held that, because a conviction for child molestation did not result in any depletion of marital assets or visitation of liability upon the wife, use of section 61.075(1)(j) to justify an unequal distribution of marital assets "would be directly contrary to the rule prohibiting unequal distribution of marital assets, or an award or increase in alimony, based upon misconduct, except to the extent that the misconduct results in the dissipation of marital assets." Id.
While a spouse's decision to petition for dissolution without first receiving the benefit of marriage counseling may be a factor when passing upon the question of whether a marriage is irretrievably broken, see section 61.052(2)(b)1, Florida Statutes (1995), once the marriage is found to be irretrievably broken, the decision not to seek counseling is not a legally sufficient basis for an unequal *1313 distribution of marital assets and debts. Similarly, the fact that one spouse may be deemed more thrifty than the other is not, absent a showing of dissipation of marital assets or other demonstrable adverse economic consequences caused by the spendthrift nature of the other spouse, a legally sufficient basis. Compare Rosenfeld v. Rosenfeld, 597 So.2d 835 (Fla. 3d DCA 1992)(not the role of the court to review all of the parties' marital expenditures "to determine which spouse was the more prudent investor and spender."); see also Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990). Nor are these two grounds sufficient in combination.
As for the remaining issues raised on appeal, we find that the trial court did not abuse its discretion in retaining jurisdiction to consider alimony at a later point or in declining to require the former wife to contribute to the former husband's attorney's fees and costs.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS and VAN NORTWICK, JJ., concur.
WOLF, J., dissents with written opinion.
WOLF, Judge, dissenting.
I dissent as to the reversal of the equitable distribution issue. Neither the statute nor prior case law mandates the result reached by the majority.
I read the trial court's order to say that the thriftiness of the wife and the spendthrift behavior of the husband throughout the marriage constitute unusual circumstances which justified the unequal but equitable distribution pursuant to chapter 61. Sections 61.075(1), Florida Statutes, reads in pertinent part as follows:
[T]he court must begin with the premise that the distribution should be equal, unless there is a justification for unequal distribution based on all relevant factors, including:
(g) The contribution of each spouse to the acquisition, enhancement, and production of income ... or the incurring of liabilities....
....
(j) Any other factors necessary to do equity and justice between the parties.
Both of these subsections give the trial court the right to consider a course of behavior which has affected the parties' financial circumstances.
In our zeal to promote general fairness (equal distribution of marital assets) and our unwillingness to perform the more laborious and difficult review of decisions on a case-by-case basis, the appellate courts of this state appear to have abandoned what should be the primary function of the judiciaryto assure fairness in each individual family case. Instead, it seems that appellate courts have adopted an almost irrebuttable presumption of equal distribution in all cases. While no one would advocate that any court should second guess all the financial decisions of the parties, we should not preclude the trial court from consideration of a course of conduct during the marriage which results in financial consequences. The supreme court reminded us in Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997),
[P]roceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law.... The legislature has given trial judges wide leeway to work equity in chapter 61 proceedings.
By restricting the trial court's discretion, the majority has taken one step further to judicially legislate distribution of assets be "equal" rather than "equitable." This result is not mandated by the language in chapter 61, nor any dictates from the supreme court.
NOTES
[1] In Noah v. Noah, 491 So.2d 1124 (Fla.1986), the supreme court held, that when passing on the question of alimony, a trial court may not consider a spouse's adultery unless the adultery has caused the other spouse to have greater financial need or has depleted financial resources. Said the Noah court, "We candidly acknowledge that although Florida has a so-called no-fault divorce system, section 61.08(1) [Florida Statutes (1975)] does appear to retain a vestige of fault by allowing the trial court to consider the adultery of an alimony-seeking spouse. Why this one factor, as opposed to physical abuse, alcoholism, or a multitude of other factors, is included in the statute is not an issue before us. We reaffirm, however, our holding in Williamson [ v. Williamson, 367 So.2d 1016 (Fla.1979)] that the primary standards to be used in fashioning as equitable alimony award are the needs of one spouse and the ability of the other to pay." Id. at 1127.