KHOUZAM, Judge.
Douglas J. Diehl (the Former Husband) appeals the final judgment of dissolution of his marriage to Amy J. Diehl (the Former Wife). Because we find error in the equitable distribution scheme, we affirm in part, reverse in part, and remand for further proceedings.
The parties were married in 1991 and have three children. The Former Wife was a stay-at-home mother throughout most of the marriage. The Former Husband’s primary source of income came from the substantial dividends he received as a shareholder in Tomatoes of Ruskin, Inc. (TOR), a tomato packing corporation. He also received income from working as a foreman for his father, who was a TOR shareholder, and from farming his own crops. The Former Husband’s shareholder agreement with TOR provided that the Former Husband would not participate in the profits for a crop if he failed to qualify as a producer for that crop. In May 2004, the Former Wife filed a petition for dissolution of marriage. Shortly thereafter, she withdrew approximately $99,000 from the line of credit on the marital home. The Former Husband asked the Former Wife for $50,000 of the funds to plant the fall tomato crop and when she did not give him the money, he elected not to plant the crop. The TOR shareholders subsequently voted to redeem the Former Husband’s shares. The Former Husband claimed that the resulting loss of the TOR dividends caused his income to fall by ninety percent.
In the final judgment, the trial court rejected the Former Husband’s contention that the Former Wife’s withdrawal of funds prevented him from planting a crop. The court determined that the Former Husband “delibei-ately stopped farming for *1291 the specific purpose of suppressing his income in the divorce proceeding.” The court concluded, however, that the failure to plant the fall 2004 crop was not the legal cause of the redemption of the TOR shares and that “there [wa]s no act of the Husband that actually caused the redemption to occur.” The court found that it appeared that TOR wrongfully redeemed the Former Husband’s shares on the basis of a single failure to plant a crop and assigned the Former Wife the cause of action, if any, against TOR. Although the court did not expressly find that the Former Husband’s conduct caused the redemption of the TOR shares, the court determined that an equal equitable distribution would be unfair because “the Husband and the Husband’s father [ ] engaged in deliberate and transparent efforts to temporarily demolish assets.”
A party’s misconduct “will not justify an unequal distribution of assets absent evidence demonstrating a sufficient relationship between the misconduct and the dissipation of assets.” Murray v. Murray, 636 So.2d 536, 538 (Fla. 1st DCA 1994). Thus, “[t]he question here appears to turn on whether the trial court below had sufficient evidence to show that the [Former Husband’s] misconduct was sufficiently financially related to [the] dissipation of marital assets ... such that it was properly considered in and applied to the equitable distribution scheme.” Bell v. Bell, 587 So.2d 642, 643 (Fla. 1st DCA 1991). Although it appears that there is evidence in the record to support an unequal distribution, we are unable to reconcile the trial court’s inconsistent findings regarding the Former Husband’s failure to plant the fall 2004 crop and the redemption of his TOR shares. Therefore, we reverse the equitable distribution award and remand for the trial court to reconsider the existing evidence and to make adequate and consistent findings regarding the equitable distribution of the parties’ marital assets and liabilities. See Bryan v. Bryan, 765 So.2d 829, 835 (Fla. 1st DCA 2000) (“[A]n unequal distribution of marital assets and liabilities must be supported by adequate, consistent findings.”).
We also find that the trial court erred in classifying funds that were borrowed against a life insurance policy as a marital liability. The testimony, which was undisputed, reflects that the Former Husband’s father had paid all the premiums on the policy but that the Former Husband was named the policy owner for estate planning purposes. In November 2005, the father directed the Former Husband to borrow approximately $199,000 against the cash surrender value of the policy and to endorse the check over to him. Both the father and the Former Husband testified that they considered the funds to be the father’s property. Based on these facts, we conclude that the trial court correctly identified the life insurance policy as nonmarital property. The court, however, erred in determining that the borrowed funds were the Former Husband’s marital obligation. We thus reverse this aspect of the final judgment and direct the trial court to strike the $199,000 debt from the equitable distribution scheme.
For the foregoing reasons, we reverse the equitable distribution portion of the final judgment and remand for further proceedings consistent with this opinion. Upon remand, the trial court must strike the $199,000 debt associated with the life insurance policy from the equitable distribution scheme. If the trial court again enters an unequal distribution, it must make adequate and consistent findings of fact justifying the distribution. In all other respects, the final judgment is affirmed.
*1292 Affirmed in part, reversed in part, and remanded for further proceedings.
CASANUEVA, C.J., and VILLANTI, J., Concur.