CLARK, J.
Appellant (former wife) appeals the trial court’s rulings on alimony and attorney’s fees in the second amended final judgment of dissolution. For the following reasons, the judgment is reversed in part and remanded for further proceedings.
After an 18-year marriage during which five boys were born, the former wife filed for dissolution of marriage in August, 2007. Both parties had been employed during the marriage, former husband as a sales person for Ryder Truck Company and former wife as flight attendant for Delta Airlines. Former husband historically earned substantially more than former wife. Former wife had not been employed since 2005 due to issues of substance abuse and mental health which impacted her ability to work and to parent. After completing a short-term in-patient rehabilitation program during the month of October, 2007, former wife continued to be monitored and to receive out-patient treatment. The court accepted evidence that former wife’s health conditions were not permanent and that she would be welcomed back by her former employer upon her regaining the ability to work, with seniority for her many years of service.
Former husband’s finances and health deteriorated during the pendency of the dissolution action. His income declined from approximately $100,000.00 in 2007 to $70,000.00 in 2008. In January, 2009, former husband was laid off from his employment and was diagnosed with prostate cancer. Former husband underwent surgery to treat his condition in 2009 but at the time of the final hearing in June, 2009, he had not pursued or obtained new employment.
In the second amended final judgment of dissolution of marriage, the trial court dissolved the marriage, determined that former husband would retain his listed non-marital assets, and divided the marital assets equally. The court adopted the parties’ stipulations regarding shared parental responsibility and parenting schedule. The trial court granted former wife’s request for rehabilitative alimony for a period of four months following the final judgment, “to assist the Wife until she phases into full time employment with Delta” and to coincide with the four remaining monthly severance payments former husband was to receive from his former employer. Retroactive alimony was denied, based on the court’s finding that the parties had provided for themselves and their children to the best of their abilities during the pendency of the proceedings without waste of assets by either party. The court ordered that each party would be responsible for their own attorney’s fees and costs, pursuant to section 61.16, Florida Statutes.
While appellant former wife argues on appeal that the rehabilitative alimony award was inadequate in light of her inability to return to work, that the denial of retroactive alimony as a means to enforce earlier temporary support orders was erroneous, and that the failure to award her attorney’s fees was erroneous, these determinations were within the trial court’s discretion based upon the evidence presented and no reversible error has been shown.
However, regarding permanent periodic alimony, the trial court neither granted nor denied former wife’s request. After making findings of fact on the factors listed in subsections 61.08(2)(a) and (b), Florida Statutes, a partial finding under subsection (c), and no findings on factors (d) through (g), the trial court noted the circumstances of each party’s unemployment and possibilities of future em *150 ployment. The court then stated that it “considers permanent periodic alimony appropriate,” that former wife “has a need,” and that former husband “has no current ability to pay.” Instead of granting or denying permanent periodic alimony, the court reserved jurisdiction “to award such alimony in the future if the circumstances justify that award.” This provision in the judgment lacks the finality required to determine the issue of permanent periodic alimony, terminate the cause between the parties, allow for meaningful appellate review, and provides no basis upon which modification might be sought in the future pursuant to section 61.14, Florida Statutes.
The issue of permanent periodic alimony was ripe for determination and thus the circuit court was obligated to rule on the matter without reserving jurisdiction and deferring decision for a future date. Collinsworth v. Collinsworth, 624 So.2d 287 (Fla. 1st DCA 1993) (trial court erred in final judgment by reserving jurisdiction to consider wife’s request for partition of marital home). Generally, an indefinite deferral of a final decision is error and “when a cause is submitted to a court for determination and the court renders its judgment, ‘there should always be as much finality as possible.’ ” Martinez v. Martinez, 573 So.2d 37, 40 (Fla. 1st DCA 1990); see also Gruner v. Westmark, 617 So.2d 420 (Fla. 1st DCA 1993) (deferral of final ruling on child custody was fundamental error). Speculation or concern about future developments regarding the applicable statutory factors listed in section 61.08(2), Florida Statutes, such as the parties’ physical and emotional conditions and all sources of income available to each party, do not justify a deferral of a final ruling on the former wife’s request for periodic alimony. The final order applying section 61.08 must be based upon “a present-based analysis” rather than a deferral to wait and see how the parties’ situations work out. See Arthur v. Arthur, — So.3d —, —, 2010 WL 114532 (Fla.2010) (applying § 61.13001, Fla. Stat. governing relocation statute, trial court not equipped with “crystal ball” to predict how statutory factors will change; best interests of child must be determined at time of final hearing); Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990) (trial court must make final determination of child custody at final hearing, not defer decision to see how respective situations and parental conduct work out).
Likewise, the trial court did not make a sufficiently final ruling on child support. The second amended final order of dissolution of marriage provides “child support cannot be ordered at this time” due to the parents’ lack of employment, but that “jurisdiction is reserved to award child support in the future once either or both of the parties have incomes.” Pursuant to section 61.30, Florida Statutes, incomes of the parents are not limited to salary or wages, but include unemployment benefits, retirement payments, income from assets, and several other sources of income. § 61.30(2)(a)l.— 14., Fla. Stat. The trial court’s observation that neither parent was employed at the time of the final hearing did not preclude an award of child support or justify deferral of a decision on child support. See § 61.30(6), Fla. Stat. (2009).
Accordingly, the trial court’s reservation of jurisdiction to make a final determination on permanent periodic alimony is reversed and this case remanded. On remand, the trial court shall either grant or deny permanent periodic alimony, based upon specific findings of fact or a finding of inapplicability for each of the factors listed in section 61.08(2), Florida Statutes, as of the time of remand. An award of nominal permanent periodic alimony, if the *151 trial court finds such award warranted, will preserve jurisdiction of the court to revisit the matter if the parties’ respective needs and abilities change substantially. See Biskie v. Biskie, 37 So.3d 970 (Fla. 1st DCA 2010).
Likewise, the reservation of jurisdiction to make a final determination on child support is reversed and remanded. On remand, the trial court shall either grant or deny child support. The court’s determination shall be based on its specific findings regarding the parties’ incomes in all forms, as described in section 61.30(2), Florida Statutes, and each parent’s percentage share of the child support need pursuant to section 61.30(9), Florida Statutes, as of the time of remand.
In all other respects, the second amended final judgment of dissolution of marriage is affirmed.
LEWIS, J., Concurs.
KAHN, J., Dissenting in Part.