GLICKSTEIN, Judge.
We affirm the final judgment in its entirety and express our appreciation for the specific categorization by the trial court of each item with which it was concerned, albeit an absence of numbers. An orderly, logical format with captions in a final judgment, as in an agreement, is most welcome to reviewers; and we recognize the time required to craft a well-organized instrument.
There was one item of property valued at $10,000 not mentioned. Whether by design or oversight, its omission in this case was harmless because the equitable distribution, for everything mentioned, shows no abuse of discretion. Nevertheless, address of every known item of contention is desirable because it avoids any unnecessary claim of oversight and eliminates any question in reviewers’ minds.
At oral argument the parties agreed on their understanding of the underlined portion of the equitable distribution clause in the final judgment; namely, that reimbursement to the husband is of only one-half of what he will have paid on the mortgage between the time of final judgment and the time of sale, not all of it.
Finally, a change in the parties’ circumstances arose which resulted in this court’s relinquishing jurisdiction to the trial court through February 20,1987. The trial court’s jurisdiction terminated on that date, without entry of any order. Any order entered by the trial court hereafter occasioned by change of circumstances would be reviewable by subsequent appeal, all of the briefs and review by the court having addressed the issues framed by the four comers of the final judgment and the circumstances considered thereby. Further, there was no request by either party to continue oral argument, held on February 25, 1987, involving an associate judge specially assigned for this week’s arguments before this court. Whether there is to be review, briefs and oral argument with respect to any subsequent order is speculative. We see no down side to finalizing this appeal now. Any motion for rehearing shall be filed in seven days and any response thereto within five days thereafter.
DOWNEY, J., and GOLDMAN, MURRAY, Associate Judge, concur.