592 So.2d 1221 (1992)
Joe Wilmer DEAS, Appellant,
v.
Mary Kathryn DEAS, Appellee.
No. 91-472.
District Court of Appeal of Florida, First District.
January 28, 1992.
Edwin B. Browning, Jr. and Gary E. Brown of Davis, Browning & Schnitker, Madison, for appellant.
*1222 J. Victor Africano, Live Oak, for appellee.
WOLF, Judge.
Joe Wilmer Deas (husband) appeals from a final order of dissolution of marriage. Appellant raises several points on appeal, two of which merit discussion: 1) Whether the trial court erred by not applying section 61.075, Florida Statutes, when distributing the assets and liabilities of the parties; and 2) whether the trial court erred in awarding rehabilitative alimony to the wife where there was no competent substantial evidence to support the award. We find that there was no evidence to support the trial court's determination that the outstanding liabilities constituted separate personal debts of the husband rather than marital assets. Additionally, it is not clear from the record on what basis rehabilitative alimony was awarded.
The parties were married in 1974. Both parties came into the marriage with real property. At the time of the marriage, the wife was employed, but she voluntarily quit her job in 1976. The wife again worked in 1987 and 1988, but had not been employed through the date of the final hearing in October 1990. The evidence also reflected that the wife was in excellent health. While the wife indicated that she wished to start a T-shirt business, there was no evidence presented of any training which would be required or how long it would take to make the business profitable.
The husband testified that he sold his interest in his insurance business and signed a non-compete agreement, and that there was a steady decrease in the couple's income from 1986 to 1989. The husband further testified that he supplemented the couple's income during this period through the sale of his nonmarital assets and by borrowing money from friends, family, and lending institutions. The wife indicated that she had no knowledge of these debts or liabilities.
In February 1990, the marital home was completely destroyed. The husband utilized a large part of the insurance proceeds for paying off debts. The trial court found that these debts, as well as other liabilities, constituted personal debts of the husband.
Section 61.075(3)(a), Florida Statutes, defines marital assets and liabilities to include "assets acquired and liabilities incurred during the marriage individually by either spouse or jointly by them." The burden of proof is on the spouse who wishes to show that an asset or liability acquired during the marriage is not a marital asset. See Robertson v. Robertson, 593 So.2d 491 (Fla. 1991).
No evidence was presented to indicate that the liabilities in the instant case were incurred for purposes which would preclude them from being treated as marital debts. The mere fact that the wife was unaware of the debts is insufficient to meet the burden of proof required to demonstrate that the debts were not marital liabilities. The only reason provided by the trial court for the unequal treatment in distribution of marital assets and liabilities was that the liabilities were personal liabilities of the husband. Because there is no evidentiary support for the rationale stated by the trial court for the disparate treatment, we find that the distribution of marital assets and liabilities utilized by the trial court constituted an abuse of discretion. Ervin v. Ervin, 553 So.2d 230 (Fla. 1st DCA 1989).
The award of rehabilitative alimony must also be reversed. A party is not entitled to rehabilitative alimony unless they establish a need for the alimony and the other party's ability to pay. White v. White, 314 So.2d 187 (Fla. 4th DCA 1975). There must be evidence that the party has the ability through retraining or education to provide for a standard of living reasonably commensurate with the standard established during the marriage. Akers v. Akers, 582 So.2d 1212 (Fla. 1st DCA 1991); Edgington v. Edgington, 588 So.2d 1055 (Fla. 3rd DCA 1991). The rehabilitative *1223 award must only be made to the extent that the other party has the ability to pay. Id. at 1218. It is not apparent from the record that either contention was proven. The wife presented no evidence concerning her ability to be retrained, how long it would take to start the shirt business, or the actual amount of alimony which was needed, nor has the wife presented any evidence which would refute the husband's contention of an inability to pay the amount awarded.
Accordingly, the final judgment herein is reversed, and the case remanded for equitable distribution of the parties' assets and liabilities, as well as further consideration of the wife's entitlement to rehabilitative alimony.
ERVIN and WIGGINTON, JJ., concur.