714 So.2d 632 (1998)
Frank Dixon VAUGHN, Appellant,
v.
Laura Mahaffey VAUGHN, Appellee.
No. 97-1996.
District Court of Appeal of Florida, First District.
July 27, 1998.
John M. Kvartek of Kitchen, Judkins, Simpson & High, Tallahassee, for appellant.
Appellee, pro se.
WOLF, Judge.
Frank Dixon Vaughn, former husband, appeals from a final judgment of dissolution of marriage. Appellant raises two issues on appeal: 1) Whether the trial court abused its discretion in fashioning a distribution of marital liabilities which makes the former husband responsible for the majority of the parties' marital debt, and 2) whether the trial court abused its discretion in ordering the former husband's child support obligation to be retroactive to the October 1994 date of filing of the former wife's dissolution petition.[1]
We find no error as to issue two, and affirm without further comment. As to issue one, we determine that the reason for the trial court's unequal distribution of the parties' debt is readily apparent from the record, and therefore, the trial court's failure to make specific findings concerning the distribution constitutes harmless error.
The parties were married in August 1992 in Gadsden County, Florida. They moved into a furnished home purchased by the former husband's parents. The former husband's parents made all mortgage payments on the home throughout the parties' marriage and never transferred any ownership interest in the home to either of the parties. The parties had one child during the marriage.
*633 The parties separated in July 1994. The former wife moved out of the marital home with the parties' child and began living with her parents. Custody of the minor child was given to the wife. A final hearing concerning a number of issues, including equitable distribution, was held in October and November 1996.
The parties had acquired no property or other assets during the marriage, other than personal property, which they amicably divided between them. Thus, the sole issue to be determined in terms of equitable distribution was the distribution of certain debt acquired during the marriage. The evidence presented during the final hearing regarding the parties' joint debt was as follows. In February 1993, the parties both signed a promissory note for a debt consolidation loan in the amount of $30,105.70. Under the terms of this loan, the parties did not make any interest or principal payments for one year subject to a balloon payment of all interest and principal at the end of that year. The proceeds from this loan were used to pay off various loans from Quincy State Bank, First Family Finance, First Florida Bank, and Havana State Bank, all taken out by the former husband individually either before the marriage or shortly after the parties married. The loans which were paid off with the proceeds from the consolidation loan had all been unknown to the former wife until January 1993. After these various loans were paid off, there remained $90.41 from the loan proceeds which was deposited into the parties' money market account.
In February 1994, the parties signed another promissory note for another debt consolidation loan in the amount of $37,950, representing the payoff amount of the February 1993 loan plus interest and an additional $4,032.56 paid directly to the parties in the form of a cashier's check for roof repairs to the marital home (an asset owned by the husband's parents and not subject to equitable distribution). Under the terms of the second consolidation loan, the parties were to make payments for five years in the amount of $500 per month beginning in March 1994. At the end of five years, the parties were to make a balloon payment for the remaining outstanding principal owed. At the time of the final hearing, the principal on this loan had been paid down to approximately $31,000.
At the time of the final hearing, the former husband had worked for his father's businessGreat Southern Cordagefor the preceding ten years. The former wife owned her own interior design shop called The Briar Rose which she had started in August 1991 before the parties were married.[2]
The husband testified that his gross income was probably between $26,000 and $30,000 a year. The former wife's current income is derived solely from her business. The former wife's 1996 financial affidavit, filed as an exhibit during the final hearing, showed the gross annual income from her business for 1995 to have been a little over $5,100. Her 1996 financial affidavit showed her then current gross monthly income to have been $428.42.
The trial court determined that nonmarital property not subject to equitable distribution included the former husband's 1991 Ford Explorer, the former wife's business, and the marital home. The trial court divided the parties' marital debt as follows:
As to equitable distribution of remaining debts not connected with non-marital property, the Husband shall be responsible for the approximate $31,000 debt to the Quincy State Bank and the Wife shall be responsible for the approximate $1438 debt to the Quincy State Bank.
The trial court did not set forth any reasons in its order for the disparity in the distribution of the parties' debt.
We have previously determined that an unequal distribution of marital assets and debts without further findings of fact supporting the unequal distribution constitutes error. See, e.g., Crockett v. Crockett, 708 So.2d 329 (Fla. 1st DCA 1998); Kelley v. Kelley, 678 So.2d 369 (Fla. 1st DCA 1996).
*634 The failure to make these findings in a great number of cases results in the inability to conduct appropriate appellate review and thus, will result in reversal. Reversal in the instant case, however, is unnecessary. It is readily apparent from the record as to the reasons for the trial court's decision. Reversal will only result in unnecessary expense for litigants who cannot afford to incur any further debt.
A harmless error analysis has previously been applied to deficiencies in a trial court's order regarding equitable distribution. See Stern v. Stern, 636 So.2d 735, 741 (Fla. 4th DCA 1993) (determining on rehearing that trial court's failure to include in equitable distribution scheme former husband's life insurance policy valued at $31,000 and former wife's IRA valued at $26,554 constituted harmless error); Haas v. Haas, 503 So.2d 1389, 1390 (Fla. 4th DCA 1987) (determining trial court's omission from judgment of one item of property valued at $10,000 to be harmless error since the record showed no abuse of discretion in equitable distribution scheme).
In determining the distribution of assets, section 61.075, Florida Statutes, allows the trial court to consider:
(b) The economic circumstances of the parties.
(c) The duration of the marriage.
....
(g) The contribution of each spouse to ... incurring of liabilities....
On the particular facts of this case, it is apparent the trial court based its unequal distribution of marital debt on the fact that it would be inequitable for the former wife, having little or no income, to leave this short-term marriage with responsibility for one-half of an approximately $30,000 debt, the benefit of which inured almost exclusively to the former husband or his family.[3] Such factors are properly considered by the court in equitable distribution of marital assets and debts. See Williams v. Williams, 686 So.2d 805, 809 (Fla. 4th DCA 1997) (recognizing that the short duration of a marriage can sometimes justify an unequal distribution of marital assets and liabilities); Yates v. Yates, 577 So.2d 719, 720 (Fla. 2d DCA 1991) (recognizing that an unequal distribution of marital liabilities, particularly in the context of a six-year marriage, can be based on a finding that one spouse contributed more to the incurring of those liabilities than the other spouse). We therefore affirm.
MINER and DAVIS, JJ., concur.
NOTES
[1] We note that within the argument of issue two as well as in a footnote to the brief, appellant appears to be arguing additional and distinct issues. This court has strongly criticized in the past what appellant has done in his argument of the second issue, and we have stated that "[a]rgument which addresses a point not set out in the issue on appeal will not be considered." See F.M.W. Properties, Inc. v. Peoples First Fin. Sav. & Loan Ass'n, 606 So.2d 372, 377-378 (Fla. 1st DCA 1992). We, therefore, are not considering any additional issues other than the main point raised in issue two.
[2] The former husband never obligated himself for any of the debt arising from the former wife's business and claimed no interest in it.
[3] This case is different from Deas v. Deas, 592 So.2d 1221 (Fla. 1st DCA 1992). Deas involved distribution of a debt which was incurred entirely during a 16-year marriage, with no proof of who benefited from the proceeds of the loan. See id. at 1222.