966 So.2d 492 (2007)
Lisa VIVIAN f/k/a Lisa Schembari, Appellant,
v.
Giovanni SCHEMBARI, Appellee.
No. 4D07-1041.
District Court of Appeal of Florida, Fourth District.
October 17, 2007.
Tracy Belinda Newmark of The Newmark Law Firm, P.A., Hollywood, and Cynthia L. Greene of Law Offices of Greene Smith McMillan, P.A., Miami, for appellant.
Steven M. Swickle of Swickle & Swickle, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This case presents yet another difficult issue regarding a primary custodial parent's efforts to relocate with the minor children following a dissolution of marriage. The trial court denied the mother's petition, and she now appeals, arguing abuse of discretion and failure to properly apply the statutory factors. We disagree and affirm.
The marriage in this case was dissolved in 2004, following a six-year marriage resulting in two minor children of the parties. The mother was the primary residential parent, with shared parental responsibility with the father, who had liberal contact and access with the children.
Then the mother remarried, and her new husband's job was relocated to Huntsville, Alabama. The mother petitioned the court to allow her to move there with the children, but the trial court denied relief, citing to the factors in section 61.13001(7), Florida Statutes (2006).
We affirm the order of the circuit court denying the former wife's petition to relocate to Alabama. Substantial competent evidence supports the trial court's findings concerning the statutory factors contained in section 61.13001(7). This court may not reweigh the evidence to make value judgments that are appropriate for the trial judge. See Botterbusch v. Botterbusch, 851 So.2d 903, 904-05 (Fla. 4th DCA 2003). We also find no error in the trial court's questioning of the former wife. See § 90.615(2), Fla. Stat. (2006). The court's questions pertained to considerations required by section 61.13001(7).
STONE, POLEN and GROSS, JJ., concur.