971 So.2d 191 (2007)
Erin SMITH n/k/a Erin A. Keller, Appellant,
v.
Andre C. SMITH, Appellee.
No. 1D07-0660.
District Court of Appeal of Florida, First District.
December 31, 2007.
*192 John J. Uskert, Fishers, Indiana, for Appellant.
Andre C. Smith, pro se, for Appellee.
BROWNING, C.J.
The former wife, Erin Smith, n/k/a Erin A. Keller, appeals an amended final judgment on reserved issues to the extent that the trial court 1) classified the marital residence that she shared with the former husband, Andre C. Smith, and the children as a "nonmarital asset" not subject to an equitable distribution; 2) denied her lump-sum alimony and an equitable distribution of the marital home; and 3) awarded the parties shared parental responsibility. We reverse those portions of the amended final judgment classifying the marital residence as a nonmarital asset and awarding shared parental responsibility, and remand with instructions to the trial court to make specific findings of fact explaining its classification of the marital residence and the logistics of shared parental responsibility under the particular circumstances existing between the parties (Former Husband *193 is presently serving a term of incarceration). We affirm the amended final judgment in all other respects.

Classification of the Marital Residence at 806 J.R. Arnold Court
Certain testimony relating to the marital residence in Panama City Beach is essentially undisputed. The parties married (November 16, 2003). The final closing on this property occurred eleven months after the parties' marriage, although negotiations and contracting occurred pre-marriage. The Warranty Deed, dated October 10, 2003, shows that this property is deeded to Former Husband. After the marriage, such property was encumbered by two mortgages signed by both parties. After Former Husband's incarceration, the marital residence went into foreclosure, and the record does not disclose the status of the home since the June 2006 final hearing.
In the dissolution of marriage proceedings, Former Husband claimed the marital residence was his separate, nonmarital property. Former Wife asked the trial court to award Former Husband's share of the marital residence to her as lump-sum alimony. See Simpson v. Simpson, 678 So.2d 882 (Fla. 3d DCA 1996) (affirming award of marital residence to former wife as lump-sum alimony). Her acknowledgment that Former Husband's name is on the title, and that he paid the mortgage and other major expenses relating to the residence during the marriage, while she cared for the parties' son (as well as Former Husband's five children from a previous marriage), does not necessarily compel a finding that the home is Former Husband's nonmarital asset. See Sigmund v. Elder, 631 So.2d 329, 331 (Fla. 1st DCA 1994) (noting that "the title to property is not always determinative of whether the property is a marital asset for equitable distribution purposes").
Under the equitable distribution statute, a marital asset is, inter alia, an asset "acquired . . . during the marriage, individually by either spouse or jointly by them," and "[t]he enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both;" . . . § 61.075(5)(a)1-2., Fla. Stat. (2005). As the spouse trying to show that the marital residence acquired during the marriage is a nonmarital asset, Former Husband had the burden of proof. See Robertson v. Robertson, 593 So.2d 491, 494 (Fla.1991); Deas v. Deas, 592 So.2d 1221, 1222 (Fla. 1st DCA 1992). Notwithstanding the fact that Former Husband took title in his name only, other factors surrounding the execution of key documents relating to the acquisition of (and financial responsibility for) the marital residence after the parties married indicate that the home is, indeed, a marital asset. See Holmes v. Holmes, 613 So.2d 511, 513 (Fla. 3d DCA 1993) (concluding that the marital home was a "marital asset" divisible upon the dissolution of the parties' marriage, although the down payment was provided entirely by former wife, who had title in her name only, where the closing for purchase of the residence occurred several days after the parties married); Deas, 592 So.2d at 1222 (concluding that the trial court abused its discretion in treating debts incurred during the marriage as the former husband's personal, nonmarital liabilities, for the mere fact that the former wife was unaware of debts was insufficient to meet burden of proof required pursuant to the equitable distribution statute to demonstrate the debts were not "marital liabilities").
The trial court's initial task of identifying marital assets and liabilities and *194 distributing them equitably involves considering the evidence and making findings. The equitable distribution statute contemplates that the trial court will make adequate findings of fact to explain and justify its rulings. See § 61.075(3), Fla. Stat. (2005); Williams v. Williams, 923 So.2d 606 (Fla. 2d DCA 2006). We review such findings for an abuse of discretion. See Steele v. Steele, 945 So.2d 601, 602 (Fla. 4th DCA 2006). We have de novo review over the trial court's ultimate legal conclusion as to whether an asset or liability is "marital" or "nonmarital," as defined in the statute. See Buxton v. Buxton, 963 So.2d 950, 953 (Fla. 2d DCA 2007); Williams v. Williams, 935 So.2d 54, 55 (Fla. 1st DCA 2006).
The amended final judgment states merely that the marital home is a nonmarital asset that Former Husband is entitled to keep as his own residence, with Former Wife having "no further rights or responsibilities regarding this asset." The absence of any explanation or justification for this ruling, and the lack of any readily apparent reason from the record, compel us to reverse this part of the amended final judgment and remand for specific findings consistent with the requirements of the equitable distribution statute. Cf. Vaughn v. Vaughn, 714 So.2d 632 (Fla. 1st DCA 1998) (concluding that trial court's failure to make specific findings of fact was harmless error, where reason for unequal distribution of parties' debt was readily apparent from record) and Embry v. Embry, 650 So.2d 190, 191-92 (Fla. 2d DCA 1995) (reversing award of marital home to former wife as equitable distribution and in lieu of child support arrearage, interest in former husband's retirement, and contribution toward fees and costs, absent any findings of fact demonstrating home was "marital asset" subject to equitable distribution).

Award of Shared Parental Responsibility
The trial court designated Former Wife as the primary custodial parent of the parties' son, who was born in May 2003. Former Husband, who is a convicted felon and was incarcerated at the time of the dissolution proceedings, is to have secondary residential responsibility, including reasonable supervised visitation after proper notice. The amended judgment provided that supervision of visitation (by the paternal grandparents) would terminate upon verification by a licensed mental-health counselor or psychologist that Former Husband no longer needs ongoing counseling. Both parties are to have shared parental responsibility for the child.
Initially, Former Wife argues that the trial court erred as a matter of law in awarding shared parental responsibility, where entitlement to such relief was not alleged, requested, or proved by Former Husband. See Fla. R. Civ. P. 1.110(b) (requiring a pleading that sets forth a claim for relief to state a cause of action and to contain a short, plain statement of ultimate facts showing the pleader is entitled to relief and a demand for judgment for the relief to which the pleader allegedly is entitled); Moore v. Trevino, 612 So.2d 604, 606 (Fla. 4th DCA 1992); Rhodes v. Wall, 514 So.2d 437, 438 (Fla. 4th DCA 1987) (reversing award of shared parental responsibility, where former husband never sought it in his pleadings); Freeman v. Freeman, 447 So.2d 963 (Fla. 1st DCA 1984).
However, in the original final judgment, the court had expressly and specifically reserved jurisdiction of the parties and subject-matter jurisdiction of listed issues, including shared parental responsibility. Moreover, although Former Husband did not initially seek shared parental responsibility, we note that issues not raised by the pleadings nevertheless *195 can be tried by express or implied consent and, in such instances, may be treated by the trial court as if they had been properly pled. See Fla. R. Civ. P. 1.190(b); Hemraj v. Hemraj, 620 So.2d 1300, 1301 (Fla. 4th DCA 1993) (finding alimony issue was tried by implied consent in dissolution action, despite absence of pleadings specifically demanding alimony, where former wife's pretrial statement listed alimony as a disputed issue to be tried, former husband did not object to that portion of the statement, and alimony issue was argued in opening and closing statements); Shrine v. Shrine, 429 So.2d 765, 767 (Fla. 1st DCA 1983). "The essence of the broad test generally applied to determine whether an issue has been tried by implied consent is whether the party opposing introduction of the issue into the case would be unfairly prejudiced thereby." Smith v. Mogelvang, 432 So.2d 119, 122 (Fla. 2d DCA 1983). An unpled issue is deemed tried, or not tried, by implied consent depending on whether "the opposing party had a fair opportunity to defend against the issue and . . . could have offered additional evidence on that issue if it had been pleaded." Id.; Dey v. Dey, 838 So.2d 626, 627 (Fla. 1st DCA 2003). Inasmuch as it is Former Wife's attorney who raised the issue of shared parental responsibility at the final hearing and questioned his client about this subject, Former Wife cannot reasonably claim prejudice from the trial court's consideration of this issue. Therefore, we conclude that this issue was tried by implied consent. See Bryan v. Bryan, 765 So.2d 829, 830-31 (Fla. 1st DCA 2000).
Addressing the merits, we review the trial court's award of shared parental responsibility for an abuse of discretion and look to see whether competent substantial evidence supports the award. See Witt v. Goben, 940 So.2d 526 (Fla. 1st DCA 2006). The pertinent statute provides:
"Shared parental responsibility" means a court-ordered relationship in which both parents retain full parental rights and responsibilities with respect to their child and in which both parents confer with each other so that major decisions affecting the welfare of the child will be determined jointly.
§ 61.046(15), Fla. Stat. (2005). This relationship contemplates that the parties will mutually confer on major decisions (e.g., medical, religious, educational) affecting the child's welfare and will reach agreement. See Sotnick v. Sotnick, 650 So.2d 157, 159 (Fla. 3d DCA 1995); Kuharcik v. Kuharcik, 629 So.2d 224 (Fla. 4th DCA 1993). "The court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child." § 61.13(2)(b)2., Fla. Stat. (2005).
Former Husband has a history of problems with alcohol abuse, criminal conduct involving a deadly weapon, severe depression, and anger management involving threats of bodily harm to Former Wife and himself. With these particular circumstances in mind, we are unable to conduct a meaningful review of the trial court's award of shared parental responsibility. The court made no findings of fact addressing the vexing problem of communications between the parties or the possible detriment to the child that might arise from shared parental responsibility, nor did the court present a viable, rational decision-making plan for the parties. Cf. Schneider v. Schneider, 864 So.2d 1193, 1194-95 (Fla. 4th DCA 2004) (affirming trial court's sensible, "rational decision-making plan" in the event the parties with a history of hostile relations failed to agree about three key aspects of children's lives, and acknowledging trial court's authority to invest former wife with ultimate authority *196 over specific aspects of the child's welfare pursuant to section 61.13(2)(b)2.a.). On appeal, Former Wife asserts a litany of reasons why we should direct the trial court to reverse Former Husband's shared parental responsibility without further recourse. As it is the duty of the family division court to assess credibility and to weigh the evidence in this case, we decline the invitation to "make value judgments that are appropriate for the trial court judge." Vivian v. Schembari, 966 So.2d 492, 492 (Fla. 4th DCA 2007). Accordingly, we reverse the award of shared parental responsibility and remand with instructions to the trial court to make specific factual findings justifying Former Husband's inclusion in major decision-making concerning the parties' child. In section 61.13(3)(a)-(m), Florida Statutes (2005), the Florida Legislature has set out a nonexclusive list of factors to be considered by the trial court in evaluating the child's best interests and determining whether shared parental responsibility is appropriate.
For all these reasons, we REVERSE those portions of the amended final judgment classifying the marital residence as a nonmarital asset and awarding shared parental responsibility, REMAND with instructions to the trial court to make specific findings explaining these rulings, and AFFIRM the judgment in all other respects. We note that section 61.075(1)(j), Florida Statutes (2005), allows the trial court to consider "[a]ny other factors necessary to do equity and justice between the parties" in fashioning an equitable distribution.
DAVIS and POLSTON, JJ., concur.