994 So.2d 1157 (2008)
Luis A. RODRIGUEZ, Appellant,
v.
Connie P. RODRIGUEZ, Appellee.
Nos. 3D06-1447, 3D06-1627.
District Court of Appeal of Florida, Third District.
August 6, 2008.
*1158 Nancy A. Hass, for appellant.
Allan Jay Atlas; Hessen, Schimmel & De Castro and Arnold D. Hessen, Miami, for appellee.
Before RAMIREZ, ROTHENBERG, and SALTER, JJ.
ROTHENBERG, J.
Luis A. Rodriguez ("the former husband") appeals from a final judgment of dissolution of marriage entered on May 17, 2006, and a subsequent judgment for child support arrearages entered on June 9, 2006. He claims that the trial court abused its discretion in: (1) awarding Connie P. Rodriguez (the "former wife") exclusive ownership of the marital home, and (2) in awarding child support arrearages without granting him credit for the payments he made prior to dissolution of the marriage on behalf of the dependent children. For the reasons that follow, we reverse the trial court's May 17, 2006 order distributing the marital assets, and affirm the June 9, 2006 order awarding retroactive child support and/or child support arrearages.

*1159 BACKGROUND INFORMATION
The parties were married for eleven years and there were two children born of the marriage, who were approximately ten and eleven years old at the time of trial. Both parties are gainfully employed: the former wife as a registered nurse with a monthly income of $3600, and the former husband as a pharmacy technician with a monthly income of $2300.
At the beginning of the marriage, the parties lived in a home owned by the husband's family located on S.W. 7th Street. During the marriage, the former husband's grandmother quitclaimed the home solely to the former husband. The parties, who were living beyond their means, accumulated substantial debt. To resolve these debts, the parties jointly took out several loans against the 7th Street property totaling $175,000. In 2000, the parties purchased the marital home, located on Tamiami Canal Road, where the family resided until the parties separated in 2004.
In distributing the marital assets, the trial court concluded that the 7th Street property was the former husband's nonmarital asset, and over objection by the former husband, awarded the former wife exclusive ownership of the marital home. Neither party disputes the trial court's finding that the 7th Street property was the former husband's nonmarital property. In distributing the marital assets and in awarding the former wife ownership of the marital residence, the trial court stated that it was doing so because of: (1) the former husband's ownership of a nonmarital home; (2) the difficulty the former wife would likely encounter in securing alternative housing for herself and the minor children; (3) the proximity of the marital home to the grandparents' home and the children's school; and (4) the former husband's "inability to increase his earnings commensurate with his ability to accrue debt," and the potential that the former husband's lack of financial responsibility would encumber the title of the marital home.
The trial court ordered the former husband to pay $681.38 in monthly child support; ordered the former husband to pay retroactive child support dating back to the date the petition for dissolution of marriage was filed; and set the child support arrearages at $10,902.08. Although the former husband claimed that he should receive credit for the money he deposited in the former wife's checking account from October 2004 through May 2005, the trial court concluded that these payments were used to pay the mortgage on the nonmarital home and other expenses incurred by the parties. Accordingly, the trial court did not award the former husband any credit towards his child support obligations for these deposits.

LEGAL ANALYSIS
We review both orders before us for an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980).

A. The Equitable Distribution

Section 61.075(1), Florida Statutes (2005), requires that a court in a dissolution of marriage proceeding "set apart to each spouse that spouse's nonmarital assets and liabilities," prior to distributing the marital assets and liabilities between the parties. See also Farrior v. Farrior, 736 So.2d 1177, 1179 (Fla.1999) (holding that the former wife's stocks were not subject to equitable distribution, notwithstanding the fact that the stocks were used as collateral for the couple's joint debt, where no intermingling of marital and nonmarital assets was found); Siegel v. Siegel, 967 So.2d 349, 351 (Fla. 3d DCA 2007) (explaining that 61.075 requires that the trial court set apart each party's nonmarital *1160 assets prior to equitably distributing the parties' marital assets); Dyer v. Dyer, 658 So.2d 148, 149 (Fla. 4th DCA 1995) (holding that the former husband's property from a non-interspousal gift may not be distributed under section 61.075(1), although use of the former husband's separate property may be awarded to the former wife to satisfy the former husband's child support obligation).
Once the nonmarital assets are set aside to the owner-spouse, the remaining marital assets must be distributed among the parties, beginning with the premise that the distribution should be equal. § 61.075(1). Trial courts are granted discretion to distribute marital assets unequally according to nine factors set forth in section 61.075(1) and any other factors necessary to do "equity and justice between the parties." § 61.075(1)(h). The distribution of marital assets and liabilities must be supported by "factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in [section 61.075(1)]." § 61.075(3).
In the instant case, the trial court determined that the former husband's 7th Street home was a nonmarital asset. Because neither party disputes this finding, we neither review nor disturb it. Thus, we conclude that the trial court abused its discretion when it considered the value of this nonmarital property ($250,000) in distributing the marital assets. See Farrior, 736 So.2d at 1179; Siegel, 967 So.2d at 351; Dyer, 658 So.2d at 149.
Because the trial court impermissibly considered the former husband's nonmarital home in computation of the marital assets, we reverse the May 17, 2006 order distributing the marital assets. Upon remand, the trial court should consider that, although one of the factors that may properly be considered in fashioning the equitable distribution of the marital assets is the desirability of maintaining the marital home as a residence for any dependent children of the marriage, section 61.075(1)(h), explicitly states that the preferred means of accomplishing this objective is to grant the custodial parent exclusive use and possession, as opposed to ownership, of the marital home during the minority of the children of the marriage. Section 61.075(1)(h), reads in relevant part:
[T]he court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors, including:
....
(h) The desirability of retaining the marital home as a residence for any dependent child of the marriage, or any other party, when it would be equitable to do so, it is in the best interest of the child or that party, and it is financially feasible for the parties to maintain the residence until the child is emancipated or until exclusive possession is otherwise terminated by a court of competent jurisdiction.
(emphasis added). See Castillo v. Castillo, 626 So.2d 1035, 1037 (Fla. 3d DCA 1993) (holding that the objective of maintaining the marital residence for the best interest of the minor children is properly accomplished, not by granting exclusive ownership of the home to the wife, but by granting the wife exclusive use and possession of the marital residence during the minority of the children); Gallardo v. Gallardo, 593 So.2d 522, 524 (Fla. 3d DCA 1991) (finding that to award wife the sole use and possession of marital home was proper only until the children reached majority).
Although section 61.075(1)(j), allows a trial court to consider "[a]ny other factors necessary to do equity and justice between the parties," when fashioning an unequal distribution of marital assets, this provision is not without limitation. The *1161 trial court's concern that the husband's relative lack of financial responsibility and career growth will, in the future, encumber the title to the marital home is not a sufficient justification for distributing the marital assets unequally. See Horne v. Horne, 711 So.2d 1310, 1311-12 (Fla. 1st DCA 1998) (holding that wife's frugality in accumulating a 401(k) account significantly greater than husband's 401(k) account was not a sufficient justification, under section 61.075(1)(j), for deviating from equal distribution). The unequal distribution of marital assets or debts is allowed when one party's conduct has caused the dissipation of assets or has otherwise adversely affected the financial status of the other party at a time when the marriage is undergoing an irreconcilable breakdown. See Bell v. Bell, 642 So.2d 1173 (Fla. 1st DCA 1994); Murray v. Murray, 636 So.2d 536 (Fla. 1st DCA 1994). However, the past financial indiscretions of the parties and the significant debt they incurred during the marriage cannot now serve as a means to castigate the husband alone. See Rosenfeld v. Rosenfeld, 597 So.2d 835 (Fla. 3d DCA 1992).

B. Retroactive Child Support and Arrearages

Section 61.30(17), Florida Statutes (2005), grants a trial court discretion to award child support retroactive to the date when the parents no longer reside together in the same household with the children. In doing so, section 61.30(17) states that a trial court shall consider any payments made by the noncustodial parent to the custodial parent for the benefit of the children throughout the retroactive period. Generally, payments made by a party voluntarily and not pursuant to a court order, are not credited against child support arrearages absent a showing of compelling equitable circumstances. See Goldman v. Goldman, 529 So.2d 1260, 1261 (Fla. 3d DCA 1988) (finding that the former husband was not entitled to credit for money given to the parties' daughter for spending money, air travel, and a computer where payments were better characterized as a gift).
Because the trial court found that the funds deposited by the former husband were used to pay the monthly mortgage on the nonmarital home and the balance was withdrawn by him to support his lifestyle, we conclude that the trial court acted within its discretion by not awarding the former husband any child support credit for these payments. See Canakaris, 382 So.2d at 1203.

C. Attorney's Fees

A court has discretion in dissolution of marriage cases, after considering the financial resources of both parties, to order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending a proceeding. § 61.16, Fla. Stat. (2005). In the present case, we find that the financial resources of the parties are not so disparate as to warrant an award of attorney's fees to either party.

CONCLUSION
Accordingly, we reverse the trial court's order distributing the marital assets, affirm the child support order, and deny the request to order either party to pay the attorney's fees of the other party.
Affirmed in part, reversed in part, and remanded with directions.