IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1190

ROBIN D. GOLDEN f/k/a
ROBIN D. BASS,

      Appellant,

v.

JOSEPH D. BASS,

      Appellee.

_____/

Opinion filed June 24, 2016.

An appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

Stephen A. Pitre of Clark Partington, Pensacola, and Trevor A. Thompson of Clark Partington, Tallahassee, for Appellant.

Laura E. Keene of Beroset & Keene, Pensacola, for Appellee.

KELSEY, J.

      Ms. Golden, formerly married to Mr. Bass, challenges the trial court's order temporarily giving the former husband custody of their minor child. Although the former husband had filed a petition for modification seeking to become the

primary residential parent, as well as motions seeking other relief, the petition for modification was not set for hearing and the former wife was not given notice that modification would be at issue in the hearing. Because the former wife did not receive the due process to which she was entitled, we reverse the trial court's order temporarily modifying custody.

While operating under an earlier timesharing order, the parties experienced disputes prompting the former husband to move for enforcement, contempt, and psychological evaluations in addition to petitioning for modification. The former wife opposed the motions and moved to dismiss the modification petition. The motions—but not the petition—were set for hearing.

At the hearing, the former husband's counsel twice told the court the modification petition was not before the court. Nevertheless, counsel also twice told the court it could award a temporary change of residence. After hearing testimony from the family's psychologist and both parties, the court denied the former husband's motions, finding the former wife was not in contempt and no psychological evaluation was necessary.

The court then ordered that the former husband become the child's primary residential parent through the spring school semester, reasoning that, "You know, I don't think it's going to hurt anything right now. I'm going to go ahead and on a temporary basis go ahead and change the primary custody from the mother to the

father on a temporary basis. And then we'll see what happens between now and the final hearing."

We reverse the trial court's order as a deprivation of the former wife's due process rights. "It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process." Neumann v. Neumann, 857 So. 2d 372, 373 (Fla. 1st DCA 2003). A court violates due process when it "modifies visitation, changes primary residence, or alters child support when the notice of hearing does not include this issue." Moody v. Moody, 721 So. 2d 731, 734 (Fla. 1st DCA 1998) (reversing where competing contempt motions were noticed but neither motion requested a change of custody or support modification, and the court nevertheless modified custody and cancelled support); see Worthington v. Worthington, 123 So. 3d 1189, 1190-91, 1191 n.1 (Fla. 2d DCA 2013) (reversing order where despite multiple motions pending, motion for modification was not part of notice of hearing; also noting court's order went beyond relief requested in the unnoticed motion for modification).

Here, the notices of hearing did not indicate the court would be entertaining a complete transposition of timesharing, nor was a temporary change remedy included in any document pending before the court (noticed for hearing or not). In short, the court granted the former husband a remedy raised for the first time at the

start of the hearing after his counsel explicitly stated the modification petition was not at issue. This deprived the former wife of due process and constitutes reversible error.

We reject the former husband's arguments, including his characterizing the remedy as make-up timesharing. The trial court found that the former wife was not in contempt and had not willfully violated the terms of timesharing. There was therefore no ruling on make-up days nor any evidence to support such a ruling.

We also reject the former husband's contention that the former wife either waived this issue or tried it by consent as a result of responding to the former husband's arguments during the hearing. Trial by implied consent requires "the party opposing introduction into the case [not] be unfairly prejudiced thereby." Smith v. Smith, 971 So. 2d 191, 194 (Fla. 1st DCA 2007) (quoting Smith v. Mogelvang, 432 So. 2d 119, 122 (Fla. 2d DCA 1983)). We must consider whether the opposing party had a fair opportunity to defend the issue and could have offered additional evidence on that issue if pled. Smith, 971 So. 2d at 194 (quoting Mogelvang, 432 So. 2d at 122). Here, it is undisputed that the motions noticed for hearing did not seek modification of custody, and even the non-noticed petition for modification did not seek temporary modification. The former wife was deprived of the advance notice that would enable her to secure witnesses and put on a case.

4

We do not pass on the disposition of any relief the parties may desire to pursue on remand. We note, however, that changing the primary residential parent is not an analysis of whether the new home would be better—there must be a determination of "'some significant inadequacy in the care provided by the custodial parent.'" See Ragle v. Ragle, 82 So. 3d 109, 113 (Fla. 1st DCA 2011) (quoting Gibbs v. Gibbs, 686 So. 2d 639, 641 (Fla. 2d DCA 1996)).

Because the trial court's order violated the former wife's due process rights, we reverse that order, and the parties shall return to operating under their previous timesharing order pending further proceedings before the trial court, if any.

REVERSED.

ROWE and JAY, JJ., concur.