DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IRINA VICTORIA FERNANDEZ-TRETIAKOVA,**
Appellant,

v.

**ALBERTO ANTONIO FERNANDEZ,**
Appellee.

No. 4D19-3217

[March 17, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 31-2017-DR-001175.

Charles M. Auslander, John G. Crabtree, Linda Ann Wells and Brian C. Tackenberg of Crabtree & Auslander, LLC, Key Biscayne, for appellant.

Amy D. Shield and Roger Levine of Shield & Levine, P.A., Boca Raton, for appellee.

DAMOORGIAN, J.

Irina Victoria Fernandez-Tretiakova ("the Wife") appeals the final judgment dissolving her marriage to Alberto Antonio Fernandez ("the Husband"). On appeal, the Wife assigns error to the trial court's rulings relating to: (1) enforcement of the parties' prenuptial agreement; (2) the award to the Wife of bridge the gap alimony; (3) equitable distribution; (4) shared parental responsibility; (5) denial of the Wife's request for attorney's fees; and (6) the Wife's motion to disqualify the judge and motion for new trial. We affirm on issues 1, 2, 4, 5 and 6 without further discussion. However, we reverse and remand on issue 3, finding that the trial court failed to make the requisite factual findings in the final judgment to support the equitable distribution of the parties' marital property, as required by section 61.075(3), Florida Statutes (2017).[1]

---

[1] We note that this argument was not raised by the Wife in the lower proceedings. However, we find that the trial court's omission of the requisite statutory findings pursuant to section 61.075, Florida Statutes, "is fundamental

Following a bench trial in this contested dissolution action, the trial court unequally distributed the parties' marital assets and liabilities. Specifically, the trial court awarded the Husband a total of $246,095 and the Wife a total of $133,781. It appears that in an attempt to equalize distribution, the trial court ordered the Husband to pay the Wife $52,257 which the trial court described as lump sum alimony. However, the trial court made offsets to the Wife's lump sum alimony, which included deducting $3,900 for the Wife's unnecessary vocational assessment and $12,093 in damages the Wife caused the Husband to incur from a rental property. After these adjustments, the Wife's distributions totaled $170,045. The trial court made no specific reference to the factors enumerated in section 61.075, Florida Statutes, to support the equitable distribution plan. This appeal follows.

Section 61.075(3), Florida Statutes, requires that:

> In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, **any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1).**

§ 61.075(3), Fla. Stat. (2017) (emphasis added). Reversible error occurs where "the equitable distribution in the final judgment is not supported by factual findings with reference to the factors listed in section 61.075(1), as required by section 61.075(3) when 'a stipulation and agreement has not been entered and filed.'" *Richardson v. Knight*, 197 So. 3d 143, 146 (Fla. 4th DCA 2016) (quoting § 61.075(3), Fla. Stat.); *see also Rodriguez v. Rodriguez*, 994 So. 2d 1157, 1160 (Fla. 3d DCA 2008) ("The distribution of marital assets and liabilities must be supported by 'factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in [section 61.075(1)].'" (alteration in original) (quoting § 61.075(3), Fla. Stat.)).

Here, the only reference to section 61.075(1), Florida Statutes, in the final judgment was where the trial court stated:

> [t]he Court finds that the Wife has established a need for and that the Husband has the present ability to pay bridge the gap

---

[error] and is reviewable where the error is apparent on the face of the final judgment." *Ortiz v. Ortiz*, 306 So. 3d 1081, 1082 n.1 (Fla. 3d DCA 2020).

alimony for a period of two years after consideration of all relevant factors pursuant to § 61.075(1) and 61.08(1), Florida Statutes (2018). . . .

The final judgment then discussed the factors laid out in section 61.08(2)(a)-(j), Florida Statutes, regarding alimony. There was no further mention of the factors enumerated in section 61.075(1), Florida Statutes. Moreover, the parties did not agree to an equitable distribution plan. Although the record reflects the trial court did take a substantial amount of evidence and made reference to facts which could support an unequal distribution of the marital assets and liabilities, it did not make specific findings referencing the ten factors enumerated in section 61.075(1), Florida Statutes.

Accordingly, we are compelled to reverse the equitable distribution plan and remand for the trial court to make the required factual findings in the final judgment with reference to the factors enumerated in section 61.075(1), Florida Statutes. *See Callwood v. Callwood*, 221 So. 3d 1198, 1202 (Fla. 4th DCA 2017) (holding that factual findings with reference to the factors enumerated in section 61.075(1) were required by section 61.075(3) in a contested dissolution action in which "a stipulation and agreement has not been entered and filed" (quoting section 61.075(3), Florida Statutes (2016))). In doing so, the trial court is not required to take any additional evidence or conduct further proceedings if the record before it is sufficient.

*Affirmed in part, reversed in part and remanded.*

WARNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**