# Third District Court of Appeal
## State of Florida

Opinion filed April 19, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1476
Lower Tribunal No. 19-11545
_____


**Michelle Saenz,**
Appellant,

vs.

**Roberto Sanchez, III,**
Appellee.


An Appeal from non-final orders from the Circuit Court for Miami-Dade County, David Young, Judge.

Michelle Saenz, in proper person.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellee.


Before LOGUE, MILLER and BOKOR, JJ.

BOKOR, J.

Michelle Saenz, the mother of three minor children, appeals orders modifying a parenting plan after an emergency hearing, claiming a lack of due process based on the rushed nature of the hearings and a lack of notice of the issues ultimately adjudicated by the trial court. The subject orders suspend Saenz's timesharing indefinitely and prevent her from having any contact with all three children; indefinitely grant the father, Roberto Sanchez, uninterrupted timesharing with the two younger children, K.A.S. and J.E.S.; direct the oldest child, B.M.S., to be immediately enrolled in a military school; and direct Sanchez and the children's Guardian Ad Litem to file police reports against K.A.S. and B.M.S. due to an incident in which the children attacked Sanchez. After a review of the record, we agree with Saenz.

Because neither parent requested the remedies ultimately ordered by the trial court nor noticed the underlying issues for hearing, the hearing—set only as a case management conference—and resulting orders violated Saenz's right to due process. "It is well-settled that a trial court violates due process and commits reversible error when it grants a party relief that the party did not request." Booth v. Hicks, 301 So. 3d 369, 370 (Fla. 2d DCA 2020); see also Orozco v. Rodriguez-Amadeo, 321 So. 3d 918, 919 (Fla. 3d DCA 2021) ("[D]ue process requires . . . . affording parties a meaningful opportunity to be heard, as well as the right . . . to be apprised of all the

2

evidence upon which an issue is to be decided, with the right to examine, explain or rebut such evidence." (quotations omitted)); <u>Logreira v. Logreira</u>, 322 So. 3d 155, 159 (Fla. 3d DCA 2021) (holding that order giving father sole parental responsibility, concealing children's medical records, and requiring conditional law enforcement assistance was improper where neither party requested such relief).[1]

While we vacate the orders on appeal for lack of due process, the parties shall maintain the status quo, including B.M.S.'s enrollment and attendance in military school, until a new hearing can be conducted. The trial court shall conduct such hearing on an expedited basis, no sooner than

---

[1] We review an order modifying a parenting plan for abuse of discretion. <u>See</u> <u>e.g.</u>, <u>C.N. v. I.G.C.</u>, 291 So. 3d 204, 206 (Fla. 5th DCA 2020). However, except in an emergency situation, such as child endangerment, threat of harm, or imminent removal from the court's jurisdiction, none of which are implicated here, basic concepts of due process require fair notice and an opportunity to be heard. <u>See</u> <u>Moody v. Moody</u>, 721 So. 2d 731, 734 (Fla. 1st DCA 1998) (reversing where "the notice for hearing stated that the court would entertain a motion for contempt" and "[n]either the husband's nor the wife's contempt motions requested a change of custody or modification of child support"); <u>see</u> <u>also</u> <u>Loudermilk v. Loudermilk</u>, 693 So. 2d 666, 668 (Fla. 2d DCA 1997) (reversing modifications entered after emergency petition because mother did not receive notice until the day before the hearing and father "did not establish the type of emergency which would warrant an *ex parte* emergency order temporarily modifying child custody"); <u>Golden v. Bass</u>, 194 So. 3d 1080, 1082 (Fla. 1st DCA 2016) (reversing temporary modification giving father custody of children where "the notices of hearing did not indicate the court would be entertaining a complete transposition of timesharing, nor was a temporary change remedy included in any document pending before the court (noticed for hearing or not)").

7 days and no later than 21 days from the issuance of this opinion, and no motion for reconsideration or rehearing shall toll these deadlines.

Orders vacated; reversed and remanded with instructions.