# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1914
Lower Tribunal No. 19-23517
_____

**Irving D. Rivera,**
Appellant,

vs.

**Angelica Marie Rivera,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Fournier Law, PLLC, and Gena D. Fournier (Tallahassee), for appellant.

No appearance, for appellee.

Before HENDON, GORDO and LOBREE, JJ.

HENDON, J.

Irving D. Rivera ("Husband") appeals from a final judgment of dissolution of marriage and equitable distribution of marital assets. We reverse in part and remand for recalculation of equitable distribution.

Facts

The parties were married in 2016, and separated in 2018. They have a minor child, born in 2017. Angelica Marie Rivera ("Wife") filed for dissolution of marriage in October 2019. Prior to, or during the pendency of the dissolution action, the Husband inherited a house from his grandmother, who died in 2013, but he did not receive control over the house until the estate closed in 2018. The Wife was not identified on the deed, never resided in the house, did not contribute to the house maintenance, and there is no evidence in the record that marital funds were used to pay down the mortgage.

The Husband moved into the house, and because he was out of work, the house went into foreclosure. The record shows that during the pendency of the dissolution proceedings, the Husband was able to sell the house, netting about $140,000. There is no evidence in the record that the Husband commingled those funds with any marital funds. The Husband then used the proceeds of the sale to purchase a property for his mother and placed it in her name. He also purchased a used vehicle worth $12,500

2

for his own use, after the Wife junked the Husband's vehicle during the pendency of the dissolution. The Husband did not declare the proceeds from the sale of the inherited property in any financial disclosure statement because he believed that inherited property was a non-marital asset.

The Wife argued that she is entitled to half of the sale proceeds because the Husband sold the property during the pendency of the dissolution, the sale was a violation of the status quo order, and the court should sanction the Husband by converting a non-marital asset into a marital asset subject to equitable distribution.

At the dissolution hearing, the trial court heard testimony from both parties. At the end of the hearing, the trial court agreed that the inherited property was non-marital, but concluded that once the Husband sold the property, those proceeds and any assets purchased with those proceeds became marital property subject to equitable distribution.[1]

In making its equitable distribution findings, the trial court – among other findings – apportioned fifty percent of the proceeds from the inherited house to the Wife as a marital asset, as well as fifty percent of the value of

---

[1] The trial court also concluded that, by putting the property he purchased for his mother in his mother's name, the Husband was trying to evade equitable distribution of the proceeds of the inherited house sale. We find no substantial or competent evidence for this finding in the record.

3

the used car purchased with the house sale proceeds. The Husband filed a timely motion for rehearing alleging error in the trial court's classification of the value of the real property and vehicle as marital assets. The trial court denied the motion, and the Husband appeals from the Final Judgment.

Standard of Review

We review de novo a trial court's legal conclusion that an asset is marital or non-marital. Smith v. Smith, 971 So. 2d 191, 194 (Fla. 1st DCA 2007); Dravis v. Dravis, 170 So. 3d 849, 852 (Fla. 2d DCA 2015) (reviewing de novo a trial court's characterization of an asset as marital or non-marital). "The standard of review of a trial court's determination of equitable distribution is abuse of discretion." Viscito v. Viscito, 214 So. 3d 736, 737 (Fla. 3d DCA 2017) (citing Bardowell v. Bardowell, 975 So. 2d 628, 629 (Fla. 4th DCA 2008)).

Analysis

Section 61.075(3), Florida Statutes, requires that:

> In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1).

§ 61.075(3), Fla. Stat. (2017); Rodriguez v. Rodriguez, 994 So. 2d 1157, 1160 (Fla. 3d DCA 2008) ("The distribution of marital assets and liabilities

4

must be supported by 'factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in [section 61.075(1)].'" (alteration in original) (quoting §61.075(3), Fla. Stat.)).

Under Florida's equitable distribution statute, marital assets include "[a]ssets acquired . . . during the marriage, individually by either spouse or jointly by them." §61.075(6)(a)(1)(a). Non-marital assets, which are not subject to equitable distribution, include "[a]ssets acquired . . . by either party prior to the marriage, and assets acquired . . . in exchange for such assets . . . ." §61.075(6)(b)(1). <u>Distefano v. Distefano</u>, 253 So. 3d 1178, 1180 (Fla. 2d DCA 2018). Relevant to this appeal, non-marital assets also include "assets acquired separately by either party by noninterspousal gift, <u>bequest</u>, <u>devise or descent</u>." § 61.075(5)(b)(2), Fla. Stat. (2004) (emphasis added).

In this case, the property that the Husband inherited was non-marital. The trial court erroneously concluded that once the Husband sold the non-marital property during the marriage or during the pendency of the dissolution, those proceeds became marital property subject to equitable distribution, relying on section 61.075(6)(a)(1)(a) setting forth that marital assets include "[a]ssets acquired . . . during the marriage, individually by either spouse or jointly by them." Applying the same reasoning, the trial

5

court concluded that the used Toyota Camry that the Husband purchased with proceeds from sale of the non-marital house became a marital asset because those proceeds were acquired by him during the marriage, while the dissolution was pending, and in violation of the standing status quo order.

The general rule of when non-marital assets may become marital assets was laid out in <u>Dravis v. Dravis</u>, 170 So. 3d 849, 852 (Fla. 2d DCA 2015):

> Non-marital assets may lose their non-marital character and become marital assets <u>where, as here, they have been commingled with marital assets</u>. <u>Abdnour v. Abdnour</u>, 19 So. 3d 357, 364 (Fla. 2d DCA 2009). This is especially true with respect to money because "[m]oney is fungible, and once commingled it loses its separate character." <u>Pfrengle v. Pfrengle</u>, 976 So. 2d 1134, 1136 (Fla. 2d DCA 2008); see also <u>Belmont v. Belmont</u>, 761 So. 2d 406, 408 (Fla. 2d DCA 2000) ("Money loses its non-marital character when it is commingled with marital money....").

(Emphasis added). Applying that principle, in <u>Pinder v. Pinder</u>, 750 So. 2d 651, 653 (Fla. 2d DCA 1999), the court stated,

> The undisputed evidence showed that this money came from an inheritance Mrs. Pinder received from her aunt. Section 61.075(5)(b)2. states that non-marital assets include those acquired separately by either party by bequest, devise or descent. To the extent that Mrs. Pinder withdrew money, which was then used for marital purposes, the withdrawn money became a marital asset that has been depleted. The remaining money, however, <u>has never been commingled and retains its character as a non-marital asset</u>.

6

(emphasis added). See also Kittinger v. Kittinger, 582 So. 2d 139 (Fla. 5th DCA 1991) (holding husband's 50% interest in real property inherited during marriage was not subject to equitable distribution as it was a non-marital asset); Distefano, 253 So. 3d at 1180 (finding that the proceeds from a house the wife purchased prior to the marriage, but sold during the marriage, became marital property because the former wife commingled the sale proceeds into accounts that were used to pay expenses incurred by her and the former husband during the marriage, transforming what was once her personal bank account into a marital asset).

Here, the house the Husband inherited from his grandmother did not lose its non-marital status when he sold it, and the proceeds from the sale of the non-marital property remained non-marital as there is no evidence in the record that the funds were commingled in any marital account. Further, the assets the Husband purchased with those non-marital funds are also non-marital, as those assets were "acquired in exchange for an asset from a bequest or a devise." § 61.075(6)(b) 2., Fla. Stat. (2020). Therefore, the assets obtained from the sale of the inherited property should also have been classified as non-marital. Bell v. Bell, 68 So. 3d 321, 329 (Fla. 4th DCA 2011).

7

Based on our de novo review of the record, we conclude that the trial court erred by classifying the assets obtained from selling the inherited property as marital. As such, the trial court abused its discretion by equitably distributing proceeds from the sale of the inherited house and the value of any purchases made with those funds. Id.

Accordingly, we reverse, in part, the final judgment of dissolution of marriage relating to the equitable distribution of marital assets, and remand with instructions for the trial court to recalculate the equitable distribution of the parties' assets consistent with this opinion.

Affirmed in part, reversed in part, and remanded for further proceedings.