# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0740
Lower Tribunal No. 2022DR-004787-0000-00

_____

MAKECHIA ROBINSON n/k/a MAKECHIA MCKAY,

Appellant,

v.

NATHANIEL ROBINSON, III,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Keith P. Spoto, Judge.

September 5, 2025

WOZNIAK, J.

In this portion of bifurcated dissolution proceedings, Makechia McKay ("Former Wife") appeals the final judgment dividing the assets and liabilities acquired during her marriage to Nathaniel Robinson ("Former Husband"). Of the issues preserved,[1] we find merit only in her argument that the trial court erred when

---

[1] Former Wife's challenge to the asset classification date used by the trial court in the final judgment, an issue of law, is unpreserved for appellate review given her failure to first raise the issue to the trial court in her motion for rehearing. *See, e.g.*, *Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014) ("[W]here an

it found Former Wife intentionally dissipated marital assets when she transferred $5,000 to her daughter from another relationship for the purchase of Publix stock. Accordingly, we reverse that portion of the final judgment and remand for further proceedings consistent herewith.

In June 2023, the parties' almost thirteen-year marriage was dissolved. At the subsequent hearing to determine the division of marital assets and liabilities, Former Husband contended that Former Wife had given her older daughter from a different relationship $5,000 for the purchase of Publix stock. Notably, the word "dissipate" was not used at the hearing in reference to the use of marital funds to facilitate the stock purchase; the first that Former Husband raised dissipation was in his post-hearing Proposed Equitable Distribution document, where, for the first time, he claimed, "Former Wife dissipated a marital account, [Trax,] by withdrawing and transferring to her adult daughter $5,000.00 for the daughter to purchase Publix stock."

The trial court agreed with Former Husband and, finding Former Wife had dissipated a marital account by transferring $5,000 to her daughter for the purchase of 376.506 shares of Publix stock, ordered that Former Wife's share of the marital

_____

error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal." (citations omitted)).

portion of Former Husband's Publix stock be reduced by 376.506 shares. In her motion for rehearing, Former Wife challenged this finding of dissipation, arguing, as she does on appeal, that there was no evidence of intentional misconduct.

We review trial court orders finding dissipation of assets for abuse of discretion. *See Demont v. Demont*, 67 So. 3d 1096, 1103 (Fla. 1st DCA 2011). This Court will not reverse if the finding is supported by competent, substantial evidence. *Id.*

We observe that, under section 61.075(1)(i), Florida Statutes (2023), the distribution of marital assets should be equal unless there is a justification for doing otherwise. One of the factors to consider is whether there was "intentional dissipation, waste, depletion, or destruction of marital assets after the filing of the petition or within 2 years prior to the filing of the petition." *Id.*; *see also Rodriguez v. Rodriguez*, 994 So. 2d 1157, 1161 (Fla. 3d DCA 2008) ("The unequal distribution of marital assets or debts is allowed when one party's conduct has caused the dissipation of assets or has otherwise adversely affected the financial status of the other party at a time when the marriage is undergoing an irreconcilable breakdown.").

Here, the record contains no evidence to support a finding of dissipation. Because there was no such evidence, we direct the trial court, upon remand, to order a fifty-fifty division of the marital shares. We affirm the remainder of the judgment.

3

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

MIZE and BROWNLEE, JJ., concur.

Laura E. Vittetoe, of Legally Modern Law Firm, Lakeland, for Appellant.

Debra J. Sutton, of Sutton Law Firm, Bartow, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED